■ RENEE PORETSKY, Respondent-Appellant, v ALAN PORETSKY, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Vaughn, J.), entered October 17, 1989, as, inter alia, (1) directed him to pay the

plaintiff wife maintenance in the sum of $245 per week for a period of four years, (2) distributed the marital property between the parties, and (3) awarded the plaintiff exclusive occupancy of the marital residence, and the plaintiff cross-appeals from so much of the same judgment as (1) denied her application for permission to relocate with the children from New York to Florida, and (2) denied her application for counsel fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married on October 17, 1982, and had twin girls in 1986. At the time the children were born the plaintiff was earning a salary of $19,800, but she stopped working to take care of the twins, as the parties had agreed. The defendant earns a gross income of $38,000 from his work as an accountant with a potential to earn at least $15,600 more from the parties' business, The Twin Stop Deli, which was operated by the plaintiff but was awarded to the defendant in the judgment of divorce. Under the circumstances, we find that a maintenance award of $245 per week for four years is proper and adequate to provide the plaintiff an opportunity to obtain full-time employment once the parties' children go to school (see, Sperling v Sperling, 165 AD2d 338; Parris v Parris, 136 AD2d 685).

Considering all of the facts in this case including the plaintiff's financial contributions to the marriage during the first four years when she worked outside the home as well as her contributions as a spouse, homemaker and parent, we find no reason to disturb the court's determination that the parties be considered equal in their economic contributions to the marriage. The court's decision to divide the marital assets in as equal a manner as possible did not constitute an improvident exercise of discretion (see, Cusimano v Cusimano, 149 AD2d 397; Thomas v Thomas, 145 AD2d 477).

Furthermore, the court properly awarded the plaintiff exclusive occupancy of the parties' home. Courts favor allowing the custodial parent to remain in the marital residence at least until the youngest child reaches the age of 18 years or is sooner emancipated (see, Cusimano v Cusimano, supra; Cassano v Cassano, 111 AD2d 208). The record establishes that suitable comparable housing in the same area cannot be obtained at a lesser cost than the plaintiff is now incurring by remaining in the marital residence (see, Cassano v Cassano, supra; Hillman v Hillman, 109 AD2d 777) and there is no

evidence to suggest that the plaintiff is financially incapable of maintaining the marital residence *(see, Behrens v Behrens,* 143 AD2d 617) or that either party is in immediate need of his or her share of the proceeds of a sale of that residence *(cf., Parris v Parris, supra).*

It is well established that the courts of this State will not permit a parent to relocate to a distant domicile which would effectively deprive the noncustodial parent of regular access to his or her children absent a showing of exceptional circumstances *(see, Coniglio v Coniglio,* 170 AD2d 477; *Meier v Meier,* 156 AD2d 348). Although the predominant concern is the best interests of the child, the resolution of such disputes requires a careful balancing of the rights and problems of both the child and the parents *(see, Coniglio v Coniglio, supra).* In the case at bar, the plaintiff has not sustained her burden of showing that a move to Florida is required by compelling financial, educational, employment or health considerations *(see, Daghir v Daghir,* 56 NY2d 938; *Weiss v Weiss,* 52 NY2d 170; *Hemphill v Hemphill,* 169 AD2d 29). Such a move would only deprive the defendant of reasonable access to his children and would effectively curtail his visitation rights, thereby depriving the children of the benefits of a regular and continuing paternal relationship *(see, Kuzmicki v Kuzmicki,* 171 AD2d 843; *Coniglio v Coniglio, supra).*

Under the circumstances of the case, the court did not improvidently exercise its discretion in denying an award of counsel fees to the plaintiff *(see, Maloney v Maloney,* 137 AD2d 666). Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.