■ CHRISTOPHER MARANO, Respondent, v ROSEMARY MARANO, Appellant. [607 NYS2d 359] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), entered March 13, 1991, which, *inter alia,* directed the equitable distribution of the marital property, directed the immediate sale of the marital residence, and failed to award her additional child support, counsel fees, and expert fees.

Ordered that the judgment is modified, on the facts and as a

matter of discretion, by deleting the provision thereof which directs an immediate sale of the marital residence, and substituting therefor a provision permitting the defendant to remain in exclusive possession of the marital residence, at her sole expense, until the parties' youngest child reaches the age of 18 years or is sooner emancipated, at which time the premises shall be sold in accordance with the remaining terms of the judgment; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

We find that the husband's opening of a second dental office one year prior to commencing the divorce action did not trigger the re-emergence of his dental license as a separate and distinct marital asset subject to equitable distribution. The trial evidence established that the husband enhanced his dental practice by opening a second office and splitting his time between the two offices, and therefore the trial court properly made a distributive award based upon the combined value of the husband's practice at both offices (see generally, Marcus v Marcus, 137 AD2d 131, 139; cf., Aborn v Aborn, 196 AD2d 561; Behrens v Behrens, 143 AD2d 617).

Under the facts of this case the trial court properly precluded the wife from introducing certain evidence of the husband's allegedly violent conduct towards her on the issue of the distribution of marital property (see, Blickstein v Blickstein, 99 AD2d 287).

We agree with the wife, however, that the court erred in ordering the immediate sale of the marital residence. She seeks to remain in the marital residence until the parties' youngest child reaches the age of majority. The evidence presented at the trial establishes that the need of the wife, as custodial parent of the parties' two infant children, to occupy the marital residence, outweighs the parties' need to sell the premises (see, Hillmann v Hillmann, 109 AD2d 777). Moreover, on appeal the wife does not argue that her income is insufficient to maintain the residence. Indeed, she asserts that there is no evidence that she cannot maintain the residence herself. Accordingly, the wife should be awarded exclusive possession of the marital residence, at her sole expense, until the parties' youngest child attains the age of 18 years of age or is sooner emancipated (see, Domestic Relations Law § 236 [B] [5] [d] [3]). At that time, the marital residence shall be sold in accordance with the remaining provisions of the judgment appealed from.

We have reviewed the wife's remaining contentions and find

them to be without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.