■ ARNOLD LEABO, Appellant, v CATHERINE LEABO, Respondent. [610 NYS2d 274] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (LaFauci, J.H.O.), dated March 12, 1991, which, *inter alia,* (a) awarded maintenance to the wife in the sum of $200 per month for a period of three years, (b) directed him to maintain medical coverage for the four unemancipated children of the marriage, (c) ordered that he and the wife shall be equally responsible for the future college expenses of the four unemancipated children of the marriage, (d) awarded the wife exclusive possession of the marital residence until the

parties' youngest child is emancipated, or until the wife remarries, and (e) awarded the wife counsel fees in the sum of $10,000, and disbursements in the sum of $1,738.40.

Ordered that the judgment is modified, on the law and the facts, by deleting the thirteenth and fourteenth decretal paragraphs thereof which awarded the wife counsel fees in the sum of $10,000 and disbursements in the sum of $1,738.40, and substituting therefor a provision denying the wife's application for counsel fees and disbursements; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff husband and the defendant wife were married in May 1963, and separated in August 1987. At the time of the divorce, five of the parties' eight children, four of whom were under the age of 18, resided with the wife in the marital residence. The wife was employed on a part-time basis as a private duty nurse, while the husband, who had formerly operated a profitable advertising business, had ceased working due to an asthmatic condition and was receiving payments from a disability insurance policy.

Contrary to the husband's contention, we do not find that the Supreme Court acted improvidently in awarding the wife maintenance in the sum of $200 per month for a three-year period. As the Supreme Court noted, the wife is the custodial parent of four children under the age of 18, and her income from her part-time nursing position is insufficient to adequately support herself and contribute to the support of the children. Under the circumstances, the court's award of maintenance for a limited period was proper to ensure that the wife's needs are met until the children are older and she is able to obtain full-time employment (see, Relf v Relf, 197 AD2d 611; Nolfo v Nolfo, 188 AD2d 451, 453; Poretsky v Poretsky, 176 AD2d 713).

Furthermore, we find no merit to the husband's claim that the Supreme Court erred in awarding exclusive occupancy of the marital residence to the wife. Courts favor allowing the custodial parent to remain in the marital residence at least until the youngest child reaches the age of 18 years or is sooner emancipated (see, Marano v Marano, 200 AD2d 718; Poretsky v Poretsky, supra). Moreover, there is no evidence that the wife could obtain comparable housing for herself and the children at a lower cost, that she is financially incapable of maintaining the marital residence, or that either party is in immediate need of his or her share of the sale proceeds (see,

*Marano v Marano, supra; Kalisch v Kalisch,* 184 AD2d 751, 754; *Poretsky v Poretsky, supra).*

We find, however, that the court improvidently exercised its discretion in directing the husband to pay $10,000 of the wife's counsel fees because he prolonged the litigation by failing to agree to allow the wife to retain custody of the children. Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is "nonetheless to be controlled by the equities of the case and the financial circumstances of the parties" *(Maimon v Maimon,* 178 AD2d 635; *see also,* Domestic Relations Law § 237; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Matter of O'Neil v O'Neil,* 193 AD2d 16, 20). Here, while the issue of custody was hotly disputed, there is no indication that the husband acted in bad faith in seeking custody of the children. Moreover, both of the parties have limited resources, and the husband's earnings and assets at the time of the divorce were not superior to those of the wife. In light of the parties' respective financial circumstances, the award of counsel fees and disbursements to the wife was inappropriate *(see, Kavanakudiyil v Kavanakudiyil,* 203 AD2d 250 [decided herewith]; *Maimon v Maimon, supra; Pontorno v Pontorno,* 172 AD2d 734, 735).

We have examined the husband's remaining contentions, and find that they are without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.