■ RICHARD MITZNER, Appellant, v SHERYL MITZNER, Respondent. [619 NYS2d 51] —In an action for divorce and ancillary relief, the plaintiff husband appeals (1) from an order of protection of the Supreme Court, Rockland County (Meehan, J.), dated March 11, 1993, as amended, and, (2) as limited by his brief, from stated portions of a judgment of the same

court, dated May 20, 1993, which, *inter alia,* granted the parties a divorce.

Ordered that the appeal from the order of protection is dismissed; and it is further,

Ordered that the judgment is modified by adding to the third decretal paragraph thereof after the word "continued" the following phrase: "during the minority of the child Michael Mitzner"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

The appeal from the intermediate amended order of protection must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the amended order of protection are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties, both schoolteachers, were married in 1970 and had two children—Joshua, born in 1979 and Michael, born in 1983. The Supreme Court awarded custody of Joshua to the husband and awarded custody of Michael to the wife. Upon our review of the record, we find no basis to disturb the court's split custody determination since, in this case, "the best interests of each child lies with a different parent" *(Wurm v Wurm,* 87 AD2d 590, 591; *see, Klat v Klat,* 176 AD2d 922).

The record shows that the wife spent less time at home with the two children than did the husband but that her absence was largely due to the husband's emotional mistreatment of her when she was there. This familial acrimony had caused the wife's relationship with fourteen-year-old Joshua to deteriorate. In recent years, he argued, shouted and cursed at his mother and had even struck her. She, nonetheless, managed to maintain a positive and close relationship with ten-year-old Michael. While both boys expressed a preference to live with their father, Michael's preference appears to have been influenced by his father and brother. In any event, the preference of the child is not the sole factor to be considered in custody determination and need not be followed per se *(see, Matter of Kresbach v Gallagher,* 181 AD2d 363; *Klat v Klat, supra).*

We recognize and affirm the general rule "that absent an overwhelming need to do so" it is in the child's best interest to continue living with his or her siblings *(see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768; *Keating v Keating,* 147 AD2d 675). This is because "[y]oung brothers and sisters need each

other's strengths and association in their everyday and often common experiences, and to separate them, unnecessarily, is likely to be traumatic and harmful" *(Obey v Degling,* 37 NY2d, *supra,* at 771). "[T]he stability and companionship to be gained from keeping the children together is an important factor for the court to consider" *(Eschbach v Eschbach,* 56 NY2d, *supra,* at 173).

However, this policy against separating siblings is "not an absolute" *(Eschbach v Eschbach, supra).* Split custody determinations have been recognized as proper when "the best interests of each child lies with a different parent" *(Wurm v Wurm,* 87 AD2d, *supra,* at 591; *see also, Klat v Klat,* 176 AD2d 922, *supra; Matter of Bilodeau v Bilodeau,* 161 AD2d 906).

In this case, the dysfunctional family environment appears to have so damaged normal interpersonal relationships between parent and child that the more customary custody arrangement of keeping the children together was found unsuitable. Rather, the trial court found that this case falls into the rare category of those where siblings should be separated. Upon the record before us, we find no basis for reversing that determination. It is significant that the difficulties inherent in determining these childrens' best interests were so severe that even the court appointed child psychiatrist who evaluated the entire family was unable to produce a recommendation which he believed to be in the children's best interests. In affirming the determination below, we note, however, that no law guardian had been appointed to represent these children, and that the independent perspective of such counsel might have proven helpful.

Contrary to the husband's contention, the Supreme Court properly awarded exclusive occupancy of the marital residence to the wife until Michael reached his eighteenth birthday *(see, Poretsky v Poretsky,* 176 AD2d 713; *Cusimano v Cusimano,* 149 AD2d 397; *Behrens v Behrens,* 143 AD2d 617). Here, the need of the wife to occupy the marital residence outweighed the husband's immediate need for his share of the sale proceeds *(see, Hillmann v Hillmann,* 109 AD2d 777; *Marano v Marano,* 200 AD2d 718). Even though the husband was awarded custody of one child, Michael, as the youngest, would benefit most by remaining in the home *(see, Wurm v Wurm,* 87 AD2d 590, *supra).* We find no impropriety in the distribution of the parties' remaining marital assets.

Inasmuch as the Supreme Court failed to set forth a "specified time" for the order of protection to remain in effect *(see,* Domestic Relations Law § 240 [3]), we modify the judgment of

divorce to provide that the order of protection remain in effect until Michael reaches his eighteenth birthday *(see,* Domestic Relations Law § 240 [3]; *Mangels v Mangels,* 197 AD2d 505; *Matter of Iadeluca v Iadeluca,* 28 AD2d 1141).

We have considered the husband's remaining contentions and find that they are without merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.