■ LORRAINE FASCALDI, Respondent, v LOUIS FASCALDI, Appellant. [619 NYS2d 100] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), entered July 1, 1993, as, upon granting those branches of the plaintiff wife's motion which were for an increase in pendente lite maintenance and for an award of attorneys' fees, awarded the plaintiff wife $4,135 for arrears of pendente lite maintenance accruing at the rate of $100 per week for the period from April 12, 1990, until November 17, 1992, less amounts previously paid, $8,640 for arrears of pendente lite maintenance accruing at the rate of $442 per week for the period from November 17, 1992, until the date of the order and judgment, less amounts previously paid, and attorneys' fees in the sum of $5,000, and denied his cross

motion for a downward modification of his child support obligation.

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which awarded the plaintiff $8,640 in arrears of pendente lite maintenance accruing at the rate of $442 per week, and substituting therefor a provision denying that branch of the plaintiff's motion which was for an upward modification of pendente lite maintenance, and (2) deleting the provision thereof which awarded the plaintiff $5,000 in attorneys' fees, and substituting therefor a provision denying that branch of the plaintiff's motion which was for an award of attorneys' fees; as so modified the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of arrears accruing on or after November 17, 1992, in accordance herewith.

The Supreme Court, in its memorandum decision dated April 20, 1993, found that the wife's pendente lite maintenance should be increased from $100 to $442 per week, and, based upon that finding, the order appealed from awarded arrears of $8,640 which accrued from November 17, 1992, the date of the application for additional pendente lite maintenance, up until the date of the order and judgment. We find that this award was excessive, in light of the other support obligations imposed on the husband by a prior order of the same court dated January 11, 1990. With the additional pendente lite maintenance, the husband's obligations to the wife exceed his weekly income, leaving him with insufficient funds to meet his own needs. Although a speedy trial is the proper remedy for inequities in an order directing pendente lite relief in the form of temporary spousal maintenance *(see, Bernstein v Bernstein,* 143 AD2d 168; *Wesler v Wesler,* 133 AD2d 627, 628), when the support payments are "so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her own expenses, relief may be granted in the interest of justice" *(Chachkes v Chachkes,* 107 AD2d 786, 786-787; *see also, Wesler v Wesler, supra; cf., Colabella v Colabella,* 86 AD2d 643). In the present case, since the husband is already paying almost all of the wife's living expenses pursuant to the prior court order dated January 11, 1990, a pendente lite maintenance award of $100 per week is an appropriate accommodation between the wife's reasonable needs and the financial ability of the husband *(see, Salerno v Salerno,* 142 AD2d 670, 672). In light of the foregoing, the

award of arrears for the period on or after November 17, 1992, must be recalculated at the rate of $100 per week.

The husband's claim on appeal that the Supreme Court erred in failing to grant him a credit for overpayments of pendente lite maintenance against the wife's award of arrears is not properly before this Court for review, since the husband did not request such relief in the Supreme Court, Nassau County *(see, Schoonmaker v State of New York,* 94 AD2d 741; *see generally,* CPLR 5501 [a] [3]). "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" *(Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561).

Further, the Supreme Court properly denied the husband's cross motion for a downward modification of his child support obligation, because he failed to allege a substantial change in circumstances *(see,* Domestic Relations Law § 236 [B] [9] [b]).

The Supreme Court, however, improvidently exercised its discretion in awarding the wife attorneys' fees. The award of attorneys' fees cannot be justified pursuant to the Domestic Relations Law, since there was insufficient evidence of the parties' financial conditions and the wife failed to allege an inability to pay her own attorneys' fees *(see,* Domestic Relations Law § 237 [a]). The imposition of attorneys' fees also cannot be justified pursuant to 22 NYCRR part 130, since the husband's conduct was not "frivolous" as defined in 22 NYCRR 130-1.1 (a). We note that the court stated in its decision that it was awarding sanctions of an additional $5,000 pursuant to 22 NYCRR part 130, but that provision was never incorporated in the order appealed from.

The plaintiff wife's request for the imposition of sanctions because the defendant husband prosecuted the instant appeal is denied, since the appeal raises meritorious questions. Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.