■ FRANCES MADDALENA, Respondent, v FRANK MADDALENA, Appellant. [629 NYS2d 463] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated October 29, 1993, as, after a nonjury trial, (1) valued the parties' closely held corporation for purposes of equitable distribution as of December 31, 1990, (2) directed that the wife's shares of stock in the corporation that were awarded to him be held in escrow until he pays her a distributive award of $125,172.50, and (3) directed him to pay the wife counsel fees and expenses in the sum of $25,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on January 16, 1971. In May 1988, the wife commenced this action for divorce and ancillary relief, and the trial commenced in April 1992. Among other assets, the parties own a business that they started together in 1984. A court-appointed expert determined this business to be worth $880,000 as of December 31, 1990. In 1991, it generated gross revenues in excess of $3.5 million.

The husband contends that the valuation date of the parties' business should have been the date of the commencement of this action in 1988. We disagree.

A court possesses discretion and flexibility in selecting valuation dates that are appropriate and fair under the circumstances. The court's discretion is limited only by the requirement that the valuation date be sometime between the date of the commencement of the action and the date of trial (see, Domestic Relations Law § 236 [B] [4] [b]; *Moody v Moody,* 172 AD2d 730).

We find that the choice of the valuation date in this case was proper. Although this action was commenced in May 1988, the parties attempted to reconcile several times during the first year thereafter. Even after the wife was ready to proceed, the case did not go to trial until mid-1992 due to several delays occasioned by the husband. Moreover, although the husband contributed to the successful operation and management of the parties' business, the wife's initial contributions to the business, both economic and noneconomic, cannot be denied in assessing its subsequent success.

The distribution of marital property was also proper. The distribution of martial property is left to the sound discretion of the trial court (see, Domestic Relations Law § 236 [B] [5] [e]; *Majauskas v Majauskas,* 61 NY2d 481, 493; *Petrie v Petrie,* 143 AD2d 258). The trial court in this case directed that the wife's

shares of stock in the parties' business not be transferred to the husband until he paid her a distributive award of $125,172.50. Contrary to the husband's contention, the trial court has not relegated him to a long and uncertain wait for the enjoyment of the equity in the business. The distributive award is to be made in four equal installments over a period of three years during which the husband is managing the business and receiving a salary.

Finally, it was not an improvident exercise of the trial court's discretion to award counsel fees and expenses to the wife in the sum of $25,000 (see, Domestic Relations Law § 237; Miller v Miller, 201 AD2d 542; Maimon v Maimon, 178 AD2d 635). Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.