GARY KRALL, Appellant-Respondent, v CHERYL KRALL, Respondent-Appellant. [703 NYS2d 340] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals and defendant cross-appeals from a judgment of divorce. There is no merit to plaintiff's contention that Supreme Court erred in awarding custody without holding a hearing. The parties stipulated to joint custody with residential custody to defendant and visitation to plaintiff. When the court refused to adopt plaintiff's proposed addition to that stipulation, plaintiff neither withdrew his consent to the stipulation nor requested that the court hold a hearing on the custody issue. Under those circumstances, the court did not err in awarding custody without holding a hearing.

The court erred, however, in ordering that a Merrill Lynch account with an approximate balance of $14,000 be maintained as an educational fund for the children, ages 13 and 10 at the time of trial. Plaintiff and defendant agreed that the account had been set up for the children's college expenses, but it was not in the form of a custodial account. Plaintiff testified that it was understood that the parties could use the money for another reason should the need arise. Both parties were unemployed at the time of trial and were incurring large debts to cover living expenses for themselves and the children. No evidence was presented to establish that the children would be likely to attend college. Under those circumstances, the account should have been divided equally between the parties.

The court did not abuse its discretion in awarding defendant and the children exclusive possession of the marital residence, and requiring plaintiff to make the mortgage payments. In our discretion, however, we reduce the number of years of exclusive possession from five to three years. Defendant failed to establish that the needs of defendant and the children to live in the marital residence beyond a three-year period outweighed the parties' need to sell the premises (*cf., Marano v Marano,* 200 AD2d 718, 719).

Contrary to plaintiff's contention, the court did not improperly require plaintiff to pay both child support and the carrying charges on the marital residence (*cf., Chasin v Chasin,* 182

AD2d 862, 863). The court ordered plaintiff to begin to pay child support only at such time as he becomes employed. When that occurs, plaintiff may apply to the court to determine the amount of child support, taking into consideration the sums that plaintiff is expending for the mortgage on the marital residence.

We have examined the remaining issues raised on the appeal and the cross appeal and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Monroe County, Bergin, J.—Matrimonial.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Balio, JJ.