■ ELIAS GREGORIADES et al., Appellants, v NANN CORP., Doing Business as WASHING WELL LAUNDROMAT, et al., Defendants, and BERNARD "BARUCH" MILCH, Doing Business as WASCOMAT OF AMERICA, et al., Respondents. BARRY S. GEDAN, Nonparty Appellant. [726 NYS2d 729] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated June 26, 2000, as directed a hearing on that branch of the motion of the defendants Bernard "Baruch" Milch, d/b/a Wascomat of America, and Bermil Industries, which sought counsel fees, costs, and sanctions, and which denied that branch of the plaintiffs' cross motion which sought counsel fees and sanctions from these defendants, and the nonparty Barry S. Gedan, attorney for the plaintiffs, appeals from a "judgment order" of the same court, dated December 19,

2000, which, after a hearing, determinated that he had engaged in frivolous conduct and imposed a monetary sanction upon him.

Ordered that the appeal from so much of the order dated June 26, 2000, as directed a hearing on that branch of the motion of the defendants Bernard "Baruch" Milch, d/b/a Wascomat of America, and Bermil Industries, which sought counsel fees, costs, and sanctions is dismissed, without costs or disbursements, as an order which directs a hearing to aid in the disposition of a motion is not appealable as of right (see, Palma v Palma, 101 AD2d 812), and leave to appeal has not been granted; and it is further,

Ordered that the order dated June 26, 2000, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the "judgment order" dated December 19, 2000, is reversed, without costs or disbursements, and the sanction is vacated.

The Supreme Court improvidently exercised its discretion by imposing a monetary sanction upon the plaintiffs' counsel. During the discovery phase of this lawsuit, the respondents Bernard "Baruch" Milch, d/b/a Wascomat of America, and Bermil Industries moved to compel the infant plaintiff to submit to a physical examination and for "the attorneys' fees and costs associated with the making of this motion." In opposition, the plaintiffs cross-moved to preclude the examination from taking place and to sanction the respondents "for making a frivolous motion." By order dated June 26, 2000, the Supreme Court denied the plaintiffs' cross motion in its entirety and directed the parties to appear for a hearing "[w]ith regards to the application by [the respondents] for attorney's fees, costs and/or sanctions."

The Supreme Court properly concluded after a hearing "that neither side engaged in frivolous conduct by making the initial motions to have the discovery dispute resolved." The Supreme Court nonetheless imposed a sanction on the plaintiffs' counsel for frivolous conduct. The plaintiffs' attorney cannot be considered to have engaged in frivolous conduct as a result of his participation in a hearing which the Supreme Court had directed to take place and pursuant to the respondents' application. Accordingly, since no frivolous conduct occurred, there was no basis for the imposition of a monetary sanction upon the plaintiffs' counsel (see, 22 NYCRR 130-1.1; see generally, Fascaldi v Fascaldi, 209 AD2d 576; Dime Sav. Bank v Zangiacomi, 225 AD2d 515). O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.