■ MICHAEL G. DeVRIES, Respondent-Appellant, v KRISTA-JEAN DeVRIES, Appellant-Respondent. [828 NYS2d 142]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), dated May 27, 2005, which, after a nonjury trial, awarded her child support in the sum of only $1,702.75 per week, maintenance in the sum of only $697 per week for a period of 10 years, 30% of the plaintiff's business, and equitable distribution in the sum of only $814,110.50, and denied her motion for an attorney's fee, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same order and judgment, which, inter alia, applied the Child Support Standards Act to his income in excess of $80,000.

Ordered that the order and judgment is modified, on the law

and as a matter of discretion, (1) by deleting the ninth decretal paragraph thereof and substituting therefor a decretal paragraph stating "that plaintiff Michael G. DeVries is awarded the full value of the business entity known as 'M. DeVries Concrete, Inc.' or any successor entity, which he need not sell," (2) by deleting from the tenth decretal paragraph thereof the words "the total amount of $814,110.50" and substituting therefor the words "the principal amount of $789,610.50," (3) by deleting from the tenth decretal paragraph thereof the words "the sum of $150,000" and substituting therefor the words "the sum of $200,000" and (4) by deleting from the tenth decretal paragraph thereof the words "the remaining balance of $664,110.50 shall be paid in equal monthly installments of $5,534.25, commencing January 1, 2006, until paid in full," and substituting therefor the words "the remaining balance of $589,610.50, plus annual amortized interest thereon computed at the legal rate pursuant to CPLR 5004, shall be paid to the defendant in 144 equal monthly installments commencing January 1, 2006, until principal and interest are paid in full"; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended order and judgment in accordance herewith.

The plaintiff's contention that the trial court erroneously imputed income to him for the purpose of calculating his child support obligation is without merit. In determining a party's child support obligation, "a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Rocanello v Rocanello*, 254 AD2d 269 [1998]; *see Curran v Curran*, 2 AD3d 391, 392 [2003]). The court properly imputed income to the plaintiff since the evidence showed that he earned and spent well in excess of the income reported on his tax return.

The trial court's determination of basic child support was proper. Since the actual combined parental income exceeded $80,000, the court, in its discretion, could apply either the applicable percentage, in this case at least 35% for five or more children, or the factors set forth in Domestic Relations Law § 240 (1-b) (c) (3); (f), or both, to the parental income in excess of $80,000 (*see Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Finke v Finke*, 15 AD3d 615, 618 [2005]). The court, applying the straight percentage, properly considered $300,000 of the plaintiff's imputed gross income in determining basic child

support. The court providently exercised its discretion in calculating child support against $300,000 of the plaintiff's imputed income based upon the standard of living that the parties' children would have enjoyed had the marriage not dissolved (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Matter of Cassano v Cassano, supra* at 655), and upon the parties' disparate financial circumstances which are apparent in the record.

The Supreme Court properly determined that the plaintiff was liable for his pro rata share of the children's unreimbursed medical expenses (*see* Domestic Relations Law § 240 [1-b] [c] [5]; *Matter of Cassano v Cassano, supra* at 655-656; *Cohen v Cohen*, 21 AD3d 341, 342 [2005]).

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (*see Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *Sperling v Sperling*, 165 AD2d 338, 342 [1991]). The trial court properly considered all of the statutory factors, including the parties' pre-separation standard of living, and providently exercised its discretion in awarding to the defendant maintenance in the amount of $697 per week for a period of 10 years. The amount and duration of the maintenance award will permit the defendant to become self-supporting.

The trial court providently exercised its discretion in denying the defendant's motion for an award of an attorney's fee (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]).

With regard to the New Paltz property, the defendant proffered no evidence that either the plaintiff or DeVries Concrete, Inc., had any ownership interest in it. Moreover, there was conflicting evidence regarding whether the plaintiff made any monetary investment in the New Paltz property, and if so, how much money was involved. Thus, the Supreme Court erred in including this property in the distributive award.

As to the plaintiff's business, M. DeVries Concrete, Inc., this Court has discretion to determine issues of equitable distribution that is as broad as that of the trial court (*see O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]). Upon consideration of all relevant factors set forth in Domestic Relations Law § 236 (B) (5) (d), and on the peculiar facts and circumstances of this case, including the defendant's receipt of 70% of the nonbusiness marital assets (not including the New Paltz property), the payment to the defendant of the sum of $200,000 in equitable distribution up front, and the award of interest on the distributive

balance calculated at the legal rate, the defendant was not entitled to any portion of the value of the plaintiff's business.

The parties' remaining contentions are without merit. Miller, J.P., Ritter and Dillon, JJ., concur.

Spolzino, J., dissents in part and concurs in part and votes to modify the order and judgment by deleting the ninth and tenth decretal paragraphs thereof, and, as so modified, to affirm the order and judgment insofar as appealed and cross-appealed from, and remit the matter to the Supreme Court, Orange County, for further proceedings to determine the value of the plaintiff's business and thereafter for a new determination of the equitable distribution of the marital estate, with the following memorandum: I concur in my colleagues' conclusions with respect to all of the issues raised on this appeal and cross appeal other than the equitable distribution of the marital estate. In that regard, I agree with the majority's implicit conclusion that the sale of the plaintiff's business when the youngest child reached the age of majority was an impermissible, albeit well-intended, method of distributing that marital asset. I do not agree, however, that the equitable distribution of the marital estate can be achieved without a determination of the value of the plaintiff's business.

The value of a marital asset is required to be established as of a date reasonably selected by the trial court within the period between commencement and trial (see Domestic Relations Law § 236 [B] [4] [b]). The manner by which the Supreme Court decided to distribute the plaintiff's business here effectively establishes a valuation date for that marital asset outside the permissible period. While we have allowed the distribution of a marital residence by its sale at a later date, typically when the parties' youngest child reaches the age of majority, we have done so because the needs of the children outweigh compliance with the statutory mandate (see Mitzner v Mitzner, 209 AD2d 487, 489 [1994]; Marano v Marano, 200 AD2d 718, 719 [1994]). The same considerations, however, do not apply to the distribution of a business interest, with respect to which we have strictly adhered to the statutory command (see Maddalena v Maddalena, 217 AD2d 606 [1995]).

If the marital interest in the plaintiff's business is to be distributed on the basis of its value as of a date within the permissible range, however, that value must first be established. Since that did not occur here by reason of the inability of the financial evaluator to reach a conclusion, a result that the Supreme Court declined to ascribe to the fault of either party, further proceedings are, in my view, required. I would, therefore, modify the order and judgment by deleting the ninth and tenth

decretal paragraphs thereof, and, as so modified, to affirm the order and judgment insofar as appealed and cross-appealed from, and remit the matter for further proceedings to determine the value of the plaintiff's business and thereafter for a new determination of the equitable distribution of the marital estate (*see Pickard v Pickard*, 33 AD3d 202 [2006]).