■ Austin T. LeMieux, Appellant, v Gail E. (Finch) Le-Mieux, Respondent. [852 NYS2d 347]—

In an action, inter alia, to annul a marriage and for ancillary relief, the plaintiff appeals (1) from a decision of the Supreme Court, Suffolk County (MacKenzie, J.), dated October 4, 2006, and (2), as limited by his notice of appeal and brief, from so much of a judgment of the same court entered December 18, 2006, as, after a nonjury trial, and upon the decision, and upon annulling the marriage on the ground of fraud, awarded the defendant maintenance in the sum of $300 per week commencing on October 4, 2006, and continuing until the defendant reaches the age of 66, dies, remarries, or cohabitates, whichever is sooner.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff contends that the Supreme Court was not authorized to make a maintenance award in this annulment action because Domestic Relations Law § 141, which provides that maintenance may be awarded in a matter where an annulment has been granted on the ground of the mental illness of one of the parties, necessarily limits the court's authority. He contends that since the parties' annulment was based on fraud, the court erred in making an award of maintenance. Alternatively, the plaintiff argues that the maintenance award is excessive in both amount and duration.

The Supreme Court had the discretion to make an award of maintenance in this annulment action based on fraud. Pursuant to Domestic Relations Law § 236 (B) (2), the court has discretion to make a maintenance award in any matrimonial action (*see* Domestic Relations Law § 236 [B] [2]; *see also* Sponsor's Mem, Bill Jacket, L 1962, ch 313 ["Proposed Section 236 . . . deals with a wife's right to alimony in annulment, separation and divorce actions, domestic and foreign. It unifies and broadens the discretion of the court in all classes of matrimonial actions. It replaces comparable provisions included in . . . Civil Practice Act Sections 1140-a, 1155, 1164, 1169, 1170 and 1170-b"]). Domestic Relations Law § 141 simply provides additional procedural and substantive detail with respect to an action to annul a marriage based upon five years' incurable mental illness of one of the parties, to ensure that the disabled spouse is cared for and does not become a public charge (*see* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 141; *see also Bancroft v Bancroft*, 288 NY 323, 326 [1942]). Domestic Relations Law § 141 does not, however, limit the class of annulments in which the court can award maintenance as provided for in Domestic Relations Law § 236 (B) (2) (*see Local Govt. Assistance Corp. v Sales Tax Asset Receivable Corp.*, 2 NY3d 524, 544 [2004] ["Generally, a statute impliedly repeals a prior statute only if the two are in such conflict that it is impossible to give some effect to both. If by any fair construction, a reasonable field of operation can be found for (both) statutes, that construction should be adopted"] [citations omitted]).

The Supreme Court providently exercised its discretion in

making the maintenance award to the defendant (*see DeVries v DeVries*, 35 AD3d 794, 796 [2006]; *Zengxiu Liu v Cuizhi Zhu*, 5 AD3d 476 [2004]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.