In the Matter of NICOLE NENNINGER, Appellant, v PAUL KELLY, Respondent. [34 NYS3d 122]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated June 19, 2015. The order denied the mother's objections to an order of that court (Barbara Lynaugh, S.M.) dated February 27, 2015, which, after a hearing, granted that branch of the father's cross motion which was for an award of an attorney's fee and directed the mother to pay the father an attorney's fee in the sum of $10,000.

Ordered that the order dated June 19, 2015, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the mother's objections to the order dated February 27, 2015, are granted, the order dated February 27, 2015, is vacated, and that branch of the father's cross motion which was for an award of an attorney's fee is denied.

The mother petitioned for an upward modification of the father's child support obligation contained in the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce. She also moved, inter alia, to disqualify the father's attorney. The father cross-moved for the imposition of sanctions against the mother for making a frivolous motion, and for an award of an attorney's fee.

In an order dated December 11, 2014, a Support Magistrate directed the dismissal the mother's petition on the ground that it failed to state a cause of action, denied the mother's motion to disqualify the father's attorney, denied that branch of the father's motion which was for sanctions, and directed a hearing on that branch of the father's motion which was for an award of an attorney's fee. After the hearing, the Support Magistrate issued an order dated February 27, 2015, which granted the subject branch of the father's cross motion and directed the mother to pay the father an attorney's fee in the sum of $10,000. The mother filed objections to the order dated February 27, 2015. In an order dated June 19, 2015, the Family Court denied the mother's objections.

" 'Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule' " (*Pickett v 992 Gates Ave. Corp.*, 114 AD3d 740, 741 [2014], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Here, the father was not entitled to an award of an attorney's fee. While the father contends that the Support Magistrate providently exercised her discretion by imposing the award as a sanction under 22 NYCRR 130-1.1, the Support Magistrate had denied that branch of the father's cross motion which was for sanctions in the order dated December 11, 2014. Further, the mother's conduct did not constitute frivolous conduct sufficient to warrant the imposition of sanctions against her (*see Fascaldi v Fascaldi*, 209 AD2d 576, 578 [1994]).

To the extent the Support Magistrate awarded counsel fees under Domestic Relations Law § 237 (b) or Family Court Act § 438, "[t]he factors to be considered in computing an appropriate award include the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (*Matter of Westergaard v Westergaard*, 106 AD3d 926, 926-927 [2013]; *see Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]; *Fascaldi v Fascaldi*, 209 AD2d at 578; *Leabo v Leabo*, 203 AD2d 254, 256 [1994]). Under the totality of the circumstances here, including that no evidence of the parties' current financial circumstances was submitted to the Support Magistrate, the mother's petition was not frivolous, and the issues to be resolved in the mother's petition and motion were not complex, the father was not entitled to an award of counsel fees. Therefore, to the extent that the Support Magistrate acted pursuant to either statute, she improvidently exercised her discretion in awarding an attorney's fee to the father, and the Family Court should have granted the mother's objections to the order awarding the attorney's fee. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.