Joseph David Perry, Appellant,
against
Town of Huntington, Respondent.




Sweeney & O'Keefe, Esqs. (William H. Sweeney, Jr. of counsel), for appellant.
Law Offices of James P. Clark, P.C. (James P. Clark and John Bennett of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Third District (James F. Matthews, J.), entered December 19, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $7,895.65.
In this action, plaintiff seeks to recover the principal sum of $7,895.65, constituting pay for the unused sick leave he had accrued at the time of his retirement from defendant Town of Huntington. As a separate cause of action, he seeks to recover legal fees and statutory damages (see Labor Law § 198 [1-a]). 
At a nonjury trial, plaintiff testified that he had initially been employed by defendant in 1974; that, approximately seven years later, defendant had laid him off, which action had subsequently been determined to have been illegal; that he had resumed working for defendant in 2008; and that he had retired in 2014. The terms of plaintiff's employment were set forth in a collective bargaining agreement (the CBA) between defendant and Local 342 of the Long Island Public Service Employees, United Marine Division, International Longshoreman's Association, AFL-CIO. It was undisputed that defendant had not terminated plaintiff for cause, and that, at the time of his retirement in 2014, plaintiff had worked a total of 12.83 years for defendant and [*2]had accrued 209.20 hours of unused sick leave, which were valued at $7,895.65. Plaintiff stated that, prior to his retirement, a clerk in defendant's personnel office had informed him that he would be paid for his accrued unused sick leave and his accrued vacation time, but not for his accrued unused personal days. However, following his retirement, plaintiff was informed that, even though he had worked for more than the 10-year minimum generally required in order to establish a contractual entitlement to be paid for accrued sick leave upon retirement, he would not receive such pay in lieu of sick leave because he had not been employed by defendant for 10 continuous years. Plaintiff contended that, under the unambiguous terms of the CBA, he was entitled to the disputed pay, as it was the total number of years of employment that was dispositive, and there was no requirement that they be continuous years.
Lisa Baisley, who had worked as defendant's Town Personnel Officer for approximately 30 years, confirmed that the CBA did not expressly condition retirees' entitlement to payment for accrued sick leave upon retirement on 10 "consecutive" or "continuous" years of employment for defendant, but testified that the denial of such benefits to plaintiff was consistent with defendant's past practice. Defendant's payroll supervisor, Rose Valente, testified that it had been her decision not to pay plaintiff for his accrued sick leave, and that her determination, which had been based on plaintiff's lack of 10 consecutive years of employment, was consistent with defendant's past practice.
Following the trial, the District Court dismissed the complaint upon a finding that plaintiff had failed to rebut the testimony of defendant's witnesses and had failed to prove his entitlement to the sums claimed.
Article 6 of the CBA, governing sick leave, states, in part: "Members of the unit who have ten (10) or more years of service with the EMPLOYER shall be entitled upon retirement or separation, to be paid for such days except employees who are terminated for cause." There is no stated requirement of consecutive or continuous years of service as a prerequisite to eligibility for payment for accrued sick leave upon retirement.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Silence as to a term does not equate to contractual ambiguity; rather, ambiguity arises only from " 'what was written so blindly and imperfectly that its meaning is doubtful' " (Nissho Iwai Europe v Korea First Bank, 99 NY2d 115, 122 [2002], quoting Trustees of Southampton v Jessup, 173 NY 84, 90 [1903]). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (Greenfield v Philles Records, 98 NY2d at 569). Similarly, evidence of past practices may be considered only if it is determined as a matter of law that the agreement is ambiguous (see Karol v Polsinello, 127 AD3d 1401, 1404 [2015]; see also Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333 [1998]). " 'A court should not imply a term which the parties themselves failed to include' " (Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998, 999 [2012], quoting 2632 Realty Dev. Corp. v 299 Main St., LLC, 94 AD3d 743, 745 [2012]). 
Upon a review of the CBA, we find that the provision in question is clear on its face, and the absence of the terms "consecutive" or "continuous" does not render the CBA ambiguous. As [*3]a result, we conclude that there was no basis for the District Court's recourse to extrinsic evidence.
Respondent, however, contends that the decision in Spano v Kings Park Cent. School Dist. (61 AD3d 666 [2009]) compels a finding that the silence of the CBA respecting payments for accrued sick leave for retiring employees with 10 years' noncontinuous employment constitutes an ambiguity which permitted resort to extrinsic evidence of past practice. We are of the opinion that Spano weighs against such a finding. In Spano, the plaintiff had previously been employed by the defendant school district in a temporary or substitute position, and was subsequently hired as a permanent employee with union benefits. The applicable collective bargaining agreement stated that retirement bonuses "shall be granted" to "eligible employees" who had "completed 10 years of service," and specifically defined 10 years of completed service as "continuous service." Following his retirement, the plaintiff was informed that the period he had spent in a temporary or substitute capacity had not counted towards his service requirement. In that circumstance, the Appellate Division found that the expression "continuous service" was ambiguous, since it did not specify whether it included service in a temporary or substitute capacity (id. at 669), and rejected the school district's determination that continuous service did not include temporary or substitute work, which was not "based on any language in the CBA, but was made 'pursuant to past practice' " (id. at 670). Here, by contrast, the CBA, which does not include any reference to consecutive or continuous service, is not ambiguous.
We thus conclude that plaintiff established his entitlement to payment for the unused sick leave he had accrued at the time of his retirement, which was undisputed to be $7,895.65.
The District Court did not reach the merits of plaintiff's second cause of action, for legal fees and statutory damages. "Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see also Matter of Nenninger v Kelly, 140 AD3d 964, 965 [2016]; Pickett v 992 Gates Ave. Corp., 114 AD3d 740, 741 [2014]). Here, plaintiff has failed to establish the existence of an agreement, statute, or court rule entitling him to attorney's fees and statutory damages. To the extent that plaintiff asserts his entitlement to such relief pursuant to Labor Law § 198 (1-a), which affords such remedies against "employer[s]," we note that Labor Law § 190 (3)'s definition of "employer," applicable to Labor Law § 198 (1-a), does not include governmental entities, such as defendant (see Phaneuf v City of Plattsburgh, 84 Misc 2d 70, 73 [Sup Ct, Clinton County 1974]).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $7,895.65.
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2018