Lerner v Lerner (2019 NY Slip Op 00124)





Lerner v Lerner


2019 NY Slip Op 00124


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-09460
2017-09461
 (Docket No. F-6789-16/16A)

[*1]In the Matter of Dalliah Lerner, respondent,
v
Jonathan C. Lerner, appellant.


Steven Cohn, P.C., Carle Place, NY, for appellant.
Stefani Goldin, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from two orders of the Family Court, Nassau County (Ellen R. Greenberg, J.), both dated July 24, 2017. The first order, insofar as appealed from, (1) granted the mother's objections to an order of disposition of the same court (Eileen Daly-Sapraicone, S.M.), dated March 22, 2017, which, after a hearing, directed him to pay add-on expenses for the parties' children in the sum of $761.25, and (2) directed the father to pay the mother the additional sum of $8,284.11 in add-on expenses for the parties' children and all child care expenses for the period from June 25, 2016, to August 13, 2016. The second order granted the mother's objections to an order of the same court (Eileen Daly-Sapraicone, S.M.), dated February 8, 2017, which denied her motion for an award of counsel fees, and, thereupon, directed the father to pay counsel fees in the sum of $6,000.
ORDERED that the first order dated July 24, 2017, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the mother's objections to the order of disposition dated March 22, 2017, and directing the father to pay the mother the additional sum of $8,284.11 in add-on expenses for the parties' children and all child care expenses for the period from June 25, 2016, to August 13, 2016, and substituting therefor a provision granting the mother's objections concerning child care expenses for the period from June 25, 2016, to August 13, 2016, only to the extent of remitting the matter to the Support Magistrate for a fact-finding hearing and a new determination as to whether the father is obligated to pay child care expenses for the period from June 25, 2016, to August 13, 2016, under the terms of the parties' stipulation and, if so, the amount of those expenses; as so modified, the first order dated July 24, 2017, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings as to the father's obligation to pay for child care expenses for the period from June 25, 2016, to August 13, 2016, and for appropriate findings of fact regarding the mother's other objections concerning the determination to direct the father to pay the mother the additional sum of $8,284.11 in add-on expenses for the parties' children, in accordance herewith; and it is further,
ORDERED that the second order dated July 24, 2017, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the mother's objections to the order dated February 8, 2017, are denied.
The parties were divorced on April 14, 2016, and are the parents of two children. The mother commenced this proceeding pursuant to Family Court Act article 4 against the father, alleging that he was in willful violation of the child support provisions in their stipulation of [*2]settlement, which was incorporated, but not merged, into their judgment of divorce. The father subsequently moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss so much of the petition as sought child care expenses for the period from June 25, 2016, to August 13, 2016, when the children were at sleep-away camp. On January 4, 2017, the Support Magistrate granted that branch of the motion but failed to transmit a written order to the parties.
The matter proceeded to a hearing and the mother moved for an award of counsel fees pursuant to Family Court Act § 438(a). The Support Magistrate denied the motion in an order dated February 8, 2017, and the mother filed objections to that order. After the hearing, the Support Magistrate issued findings of fact and an order of disposition dated March 22, 2017, finding, inter alia, that the father did not willfully violate the child support provisions but directing him to pay $761.25 for various add-on expenses, subject to the $4,500 cap on such expenses set forth in the stipulation. The mother filed objections. In an order dated July 24, 2017, the Family Court granted the mother's objections, and directed the father to pay the mother all child care expenses for the period from June 25, 2016, to August 13, 2016, and the additional sum of $8,284.11 for add-on expenses. In a second order, also dated July 24, 2017, the court granted the mother's objections to the order denying her motion for an award of counsel fees and awarded her $6,000. The father appeals from both orders dated July 24, 2017.
The Family Court did not err in reviewing the mother's specific objections to the Support Magistrate's determination to dismiss so much of her petition as sought child care expenses for the period from June 25, 2016, to August 13, 2016 (see Family Court Act § 439[e]).
Furthermore, the Family Court properly determined that the Support Magistrate should have denied the father's motion pursuant to CPLR 3211(a)(1) to dismiss so much of the petition as sought child care expenses for the period from June 25, 2016, to August 13, 2016, when the children were at sleep-away camp. "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim'" (Fontanetta v John Doe 1, 73 AD3d 78, 83, quoting Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383). Here, the parties' stipulation was ambiguous as to whether the father was required to pay child care expenses when the children were attending sleep-away camp. However, the Family Court should not have granted the mother's requests for these child care expenses without a hearing. Accordingly, the matter must be remitted to the Family Court, Nassau County, for a fact-finding hearing and a new determination as to whether the father was obligated by the parties' stipulation to pay child care expenses for the period of time that the children attended sleep-away camp, from June 25, 2016, to August 13, 2016, and, if so, the amount of those expenses.
The matter must also be remitted for specific findings of fact with respect to the mother's objections concerning the additional add-on expenses totaling $8,284.11. Family Court Act § 439(e) mandates that, based upon a review of the objections and the rebuttal, the Family Court shall "(i) remand one or more issues of fact to the support magistrate, (ii) make, with or without holding a new hearing, its own findings of fact and order, or (iii) deny the objections." Here, the court granted the mother's objections to the Support Magistrate's fact-finding and order of disposition by awarding her an additional $8,284.11, the full amount requested in her amended petition, without any analysis or findings of fact. Under the circumstances of this case, and in light of the wide disparity between the amount awarded by the Support Magistrate and the amount awarded by the Family Court upon the mother's objections, the court's failure to comply with Family Court Act § 439(e) has made intelligent judicial review impossible (see Matter of Hamilton v Irlbacher, 96 AD2d 726, 726). Accordingly, the matter must be remitted to the Family Court, Nassau County, for appropriate findings of fact on these objections as well.
As to the Family Court's award of counsel fees under Family Court Act § 438(a), "[t]he factors to be considered in computing an appropriate award include the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927; see Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937; Fascaldi v Fascaldi, 209 AD2d 578, 578). Under the totality of the circumstances here, including that no evidence of the parties' current financial circumstances was submitted to the Support Magistrate and the relative merits of the parties' [*3]positions, the mother was not entitled to an award of counsel fees (see Matter of Nenninger v Kelly, 140 AD3d 964, 965). Therefore, the Family Court should have denied the mother's objections to the order denying her motion for an award of counsel fees.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court