Elibol v Mellon-Elibol (2021 NY Slip Op 01926)





Elibol v Mellon-Elibol


2021 NY Slip Op 01926


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1095 CA 19-02340

[*1]TARIK ELIBOL, PLAINTIFF-APPELLANT,
v
PATRICIA MELLON-ELIBOL, DEFENDANT-RESPONDENT. 






JOHN RICHARD STREB, KENMORE, FOR PLAINTIFF-APPELLANT.


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 14, 2019. The order directed plaintiff to contribute to defendant's counsel fees. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law with costs and the award of counsel fees is vacated.
Memorandum: Defendant moved by order to show cause for enforcement of an order requiring plaintiff to, inter alia, reimburse defendant for missed mortgage payments and maintain a policy of life insurance pursuant to the parties' judgment of divorce. The resolution of that motion is not apparent from the record and there is no resulting order. Nevertheless, defendant's attorney submitted a quantum meruit application seeking an award of counsel fees with respect to the motion. Plaintiff opposed the application. Without having any of the parties' financial information or holding a hearing on the application, Supreme Court granted the application to the extent of awarding $2,750.00 in counsel fees, which it considered "fair and reasonable."
Viewing all of the circumstances in this case, including the procedural irregularities of the application, the lack of evidence regarding the parties' financial circumstances, and the uncontested allegations in the record regarding misrepresentations made by defendant's attorney, we agree with plaintiff that the court abused its discretion in awarding counsel fees to defendant's attorney (see generally Domestic Relations Law § 238; Matter of Nenninger v Kelly, 140 AD3d 964, 965 [2d Dept 2016]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court