■ JOHN J. TAFT, Appellant, v SUSAN M. TAFT, Also Known as SUSAN M. KLEIN, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated November 27, 1984, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated September 15, 1986, as denied that branch of his application with respect to visitation which sought the deletion of the provision in the judgment of divorce which required "that the plaintiff * * * provide transportation for the child with someone other than himself during * * * periods of overnight visitation" with the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, we find that the Supreme Court, Nassau County, did not err in denying his request for a modification of the judgment of divorce to the extent of deleting the provision which prohibited the plaintiff, who is disabled, from driving his daughter during the periods of visitation. The foregoing provision was incorporated into the judgment based upon a stipulation of settlement which had been entered into by the parties approximately two months prior to the date of the divorce judgment.

The record reveals that the plaintiff knowingly and voluntarily agreed to this provision after discussions with his counsel. The plaintiff has failed to demonstrate that any change of circumstances has occurred since that time so as to warrant relief from the prohibition against his driving a vehicle while with the child.

Finally, we note that the defendant wife's request for the counsel fees incurred in connection with defense of this appeal is not properly brought in this court (see, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:6, at 516, citing *Gutman v Gutman,* 24 AD2d 758). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.