■ PAUL V. PONTORNO, Appellant-Respondent, v MARY PON-TORNO, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Klein, J.), entered July 14, 1989, which, *inter alia,* directed him to pay the defendant wife the sum of $150 per week for child support, distributed the parties' marital property, including the plaintiff's IBM stock, and directed him to pay the principal sum of $7,500 to the defendant's counsel, representing counsel fees incurred by the defendant, and the defendant cross-appeals, as limited by her brief, from so much of the judgment as denied her request for maintenance and failed to award her leave to enter a money judgment against the plaintiff for conversion.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting the provision of the eighth decretal paragraph thereof which awarded the defendant one-half of $700, representing the value of the plaintiff's IBM stock, and substituting therefor a provision awarding the defendant one-half of $255.32, representing the value of 2.225 shares of the plaintiff's IBM stock, and (2) deleting the tenth decretal paragraph thereof, which, *inter alia,* directed the plaintiff to pay the principal sum of $7,500 to the defendant's counsel, representing counsel fees incurred by the defendant, and substituting therefor a provision denying the defendant's application for counsel fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married on November 2, 1985, and their only child was born on July 4, 1986. In December 1986 the defendant wife moved out of the marital residence and in February 1987 the plaintiff husband commenced this action for a divorce. After a trial, the Supreme Court, in pertinent part, awarded the defendant $150 per week for child support, and $1,580, representing one-half of the value of the parties' marital property, and directed the plaintiff to pay the principal sum of $7,500 to the defendant's counsel for counsel fees. The Supreme Court did not award the defendant any maintenance nor did it find that she was entitled to a money judgment for conversion.

The Supreme Court properly declined the defendant's request for maintenance. The parties were married for only 15 months before the plaintiff commenced this action. The record does not support the defendant's claim that she needs "some rehabilitative maintenance". Before, during and after the marriage, the defendant had the ability to be self-supporting, having terminated her employment solely as a result of her pregnancy. In addition, at the time of the trial, the defendant indicated that she had already returned to part-time employment.

Despite the short duration of the parties' marriage, we do not find that the Supreme Court improvidently exercised its discretion by awarding the defendant 50% of the marital property. Nevertheless, the trial testimony established that 3.875 of the shares of IBM stock held in the plaintiff's name were acquired by him prior to the parties' marriage. Accordingly, those shares were separate property (see, Domestic Relations Law § 236 [B] [1] [d]), and thus were not subject to equitable distribution (see, Domestic Relations Law § 236 [B] [5] [b], [c]).

In addition, we find that the Supreme Court improvidently exercised its discretion by directing the plaintiff to pay the principal sum of $7,500 to the defendant's counsel. We note that the fees charged by respective counsel, approximately $25,000 for each party, appear to be far in excess of either party's current ability to pay for such services. Moreover, there is no basis in the record to support the Supreme Court's finding that the plaintiff was intransigent and that despite his limited financial resources, he should be responsible for part of the wife's counsel fees.

The parties' other contentions do not warrant further modification of the judgment. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.