■ KAREN LEVINE, Respondent-Appellant, v NEIL LEVINE, Appellant-Respondent.

After a hearing on the issue of counsel fees, the court issued a memorandum decision awarding the plaintiff counsel fees in the amount of $7,500. The memorandum decision, dated July 25, 1989, directed the plaintiff's attorney to "Settle order." However, no order was prepared and submitted by the plaintiff's attorney until September 28, 1989, three days after the expiration of the 60-day period in which the order should have been submitted. The defendant's attorney urged that the order not be signed, contending that pursuant to 22 NYCRR 202.48 the plaintiff's motion for counsel fees should be dismissed as abandoned.

On October 10, 1989, the court ruled that "no order having been received within 60 days from the July 25, 1989 decision of this court, the application for attorney's fees is deemed abandoned, unless a proper order is timely submitted with a satisfactory explanation for the delay". The plaintiff's counsel submitted a "supplemental affirmation" shortly thereafter in which he explained that his repeated inquiries at the clerk's office failed to disclose, prior to September 1989, that the court had in fact decided the motion. As soon as counsel learned of the court's decision, an order was submitted for signature. The court accepted this explanation and signed the plaintiff's proposed order.

The trial court properly excused the plaintiff's three-day delay in tendering her proposed order for signature. A failure to submit a proposed order within the 60-day period prescribed by 22 NYCRR 202.48 may be excused upon good cause shown (see, Nolan v Nolan, 137 AD2d 799). In this case, the plaintiff's failure to learn that the court had rendered a decision and her concomitant failure to submit a proposed order until three days after the expiration of the 60-day period may be characterized as law office failure (CPLR 2005; Stolpiec v Wiener, 100 AD2d 931). On the record before us, we conclude that the court properly excused this minimal delay.

We also find that the award of counsel fees in the amount of $7,500 was proper. "The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court" (Lefkowitz v Van Ess, 166 AD2d 556, citing DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). The trial court is in a superior position to judge those factors integral to the fixing of counsel fees, such as the time, effort and skill required (Shrauger v Shrauger, 146 AD2d 955, 956). The record of the hearing supports the trial court's award of counsel fees.

With respect to disbursements, the plaintiff's counsel failed to provide documentary proof that such expenses were, in fact, incurred. Consequently, the trial court properly denied the plaintiff disbursements (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C8301:1, at 191; Burrows v City of New York, 127 Misc 2d 344). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.