(August 16, 1993)

■ ALLYSON ABORN, Respondent-Appellant, v PETER S. ABORN, Appellant-Respondent. [601 NYS2d 339] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered May 14, 1992, which, after a nonjury trial, *inter alia,* (a) directed him to pay child support in the amount of $400 per week, (b) awarded maintenance to the wife in the amount of $225 per week for a period of 10 years, (c) treated the husband's dental license as marital property for the purpose of equitable distribution, (d) awarded the wife a distributive award in the sum of $165,530.50, to be paid in installments of $1,000 per month for a period of seven years and thereafter in installments of $2,000 per month until fully discharged, (e) awarded the wife counsel fees in the sum of $62,500, to be paid in installments of $1,000 per month for a period of seven years and thereafter in installments of $2,000 per month until fully discharged, and (f) awarded the wife's expert's fees of $1,500, and (2) the plaintiff wife appeals from so much of (a) an order of the same court, entered November 16, 1992, as denied that branch of her motion which was for an award of appellate counsel fees without prejudice to renewal before this Court, and (b) an order of the same court, entered December 11, 1992, as, upon reargument, adhered to the prior determination regarding appellate counsel fees.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting therefrom the provision awarding maintenance to the wife in the sum of $225 per week for a period of 10 years, and by substituting therefor a provision awarding maintenance to the wife in the sum of $150 per week for a period of seven years, (2) by deleting therefrom the provision requiring that the distributive award of $165,530.50 shall be paid in installments of $1,000 per month for a period of seven years and thereafter in installments of $2,000 per month until fully discharged, and by substituting therefor a provision requiring that the distributive award of $165,530.50 shall be paid in installments of $500 per month for a period of seven

years and thereafter in installments of $2,000 per month until fully discharged, and (3) by deleting therefrom the provision requiring that the award of $62,500 as and for counsel fees shall be paid in installments of $1,000 per month for a period of seven years and thereafter in installments of $2,000 per month until fully discharged, and by substituting therefor a provision requiring that the award of $62,500 as and for counsel fees shall be paid in installments of $500 per month for a period of seven years and thereafter in installments of $2,000 per month until fully discharged; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order entered November 16, 1992, is dismissed, as that order was superseded by the order entered December 11, 1992, made upon reargument; and it is further,

Ordered that the order entered December 11, 1992, is reversed insofar as appealed from, on the law, so much of the order entered November 16, 1992, as denied that branch of the wife's motion for an award of appellate counsel fees is vacated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and determination on the wife's request for an award of appellate counsel fees; and it is further,

Ordered that the plaintiff wife is awarded one bill of costs.

The husband contends that the Supreme Court failed to comply with Domestic Relations Law § 236 (B) (5) (g) by not making independent findings after trial. We do not agree. From our review of the record, we are satisfied that the statutory factors were considered by the Supreme Court and that its decision was not a verbatim adoption of the findings of fact which were submitted by the wife (see, Schammel v Schammel, 161 AD2d 407).

Additionally, we discern no error in the trial court's award of child support. The Child Support Standards Act requires that a formula be applied to statutorily-defined income to calculate the basic child support obligation and to apportion the pro rata share to be paid by a noncustodial parent, unless the court finds that such amount is unjust or inappropriate (see, Domestic Relations Law § 240 [1-b] [f]). Under the circumstances here present, we find that the court was correct in deciding not to follow the child support formula since the application of that provision would result in an "unjust and inappropriate" award.

However, with regard to the husband's challenge to the amount and duration of spousal maintenance awarded to the wife, we agree that a modification is warranted. Given the age, health, and educational and employment history of the wife, and upon considering, *inter alia,* the length of the marriage, the marital standard of living, the needs of the parties and the wife's current income *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Ramshaw v Ramshaw,* 186 AD2d 243; *De La Torre v De La Torre,* 183 AD2d 744), we find that reductions in the amount of maintenance from $225 per week to $150 per week and in the duration of maintenance from 10 years to seven years is more in keeping with the marital standard of living, and will adequately serve the purpose of permitting the wife to obtain economic independence *(see generally, O'Brien v O'Brien,* 66 NY2d 576, 585; *Oswald v Oswald,* 154 AD2d 817). Moreover, we note that the court could properly rely on the husband's established earning capacity in awarding maintenance, inasmuch as "an award of maintenance is not determined by actual earnings but, rather, by earning capacity" *(Loeb v Loeb,* 186 AD2d 174, 176; *see, Kay v Kay,* 37 NY2d 632; *Powers v Powers,* 171 AD2d 737).

Additionally, while we find no error in the court's award to the wife of $165,530.50 as a distributive award and $62,500 as and for counsel fees, we conclude that the schedule of payment of the awards, as fixed by the court, may render the husband unable to meet his current living expenses *(see generally, Mullin v Mullin,* 187 AD2d 913; *Kyle v Kyle,* 156 AD2d 508). Accordingly, we have modified the schedule to reduce the monthly payments over the first seven years of the schedule to $500 per month for each award.

Furthermore, we find that the trial court properly considered and valued the husband's dental license. The husband dissolved a profitable professional partnership, declared personal bankruptcy, and relocated his practice a number of times shortly before the commencement of the divorce action. Hence, "the husband's license reemerged as a significant and separate asset" *(Behrens v Behrens,* 143 AD2d 617, 620; *see, Wells v Wells,* 177 AD2d 779).

Likewise, we find that the Supreme Court's award of appraiser's fees to the wife was a proper exercise of its discretion pursuant to Domestic Relations Law § 237.

We have considered the husband's remaining contentions and find them to be without merit.

Finally, the wife's request for counsel fees incurred in

connection with the defense of this appeal is not properly before this Court. The application for an award of appellate counsel fees should be decided at the trial level, as the Appellate Division is not the appropriate forum for such a request (see, *Taft v Taft*, 135 AD2d 809; *Gutman v Gutman*, 24 AD2d 758). Accordingly, we remit the matter to the trial court for the purpose of conducting a hearing on that application. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.