■ LINDA K. MAGGIO et al., Respondents, v DONALD M. WERNER, Appellant, et al., Defendant. [623 NYS2d 424] —Crew III, J. Appeals (1) from an order of the Supreme Court (Fischer, J.), entered November 8, 1993 in Broome County, which denied defendant Donald M. Werner's motion for summary judgment dismissing the complaint against him, and (2) from an order of said court, entered January 20, 1994 in Broome County, which, upon renewal, adhered to its prior decision.

On May 11, 1988, plaintiff Linda K. Maggio (hereinafter plaintiff) came under the care of defendant Donald M. Werner (hereinafter defendant), an obstetrician, in connection with her pregnancy. At that time, defendant undertook a complete examination of plaintiff, including a breast examination, and noted no unusual findings. Thereafter, plaintiff was examined by defendant on at least two occasions, and on August 10, 1988, at the behest of plaintiff, defendant again examined her breasts and noted a "one centimeter lump, areola, nodular, right breast". As a consequence, defendant referred plaintiff to defendant Michael A. Bogdasarian, a surgeon, for evaluation. Bogdasarian wrote to defendant that he did not see a need for mammography or any direct intervention until after plaintiff's pregnancy unless there was an obvious change in the mass.

Plaintiff thereafter continued to treat with defendant concerning her pregnancy and on several occasions complained of pain and tenderness in her breast and expressed the belief that the lump was getting larger. According to plaintiff,

defendant advised her that "these things are common in pregnancies and that [she] should not be concerned about it". At a November 30, 1988 appointment with defendant, plaintiff again complained of breast pain, as the result of which defendant examined her breasts, noted a substantially larger mass and again referred her to Bogdasarian. In March 1989, plaintiff was diagnosed with ductal cell adenocarcinoma of the right breast. Thereafter, this action was commenced by plaintiff and her spouse seeking damages against the two physicians for failure to make a timely diagnosis of breast cancer. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against him. Supreme Court denied the motion and this appeal by defendant ensued.

We affirm. Contrary to defendant's assertion, there is no question that he assumed a legal duty to provide appropriate care to plaintiff when he accepted her as a patient on May 11, 1988. The question here is whether that duty extended to the mass found in plaintiff's breast or was limited to obstetrical care (see, Markley v Albany Med. Ctr. Hosp., 163 AD2d 639, 640). Defendant asserts that he did not undertake treatment of plaintiff's breast and his referral to Bogdasarian relieved him of liability. Plaintiff asserts that she continually complained to defendant about her condition and that he told her not to worry about it. The affidavits submitted by plaintiff and her expert clearly present a question of fact as to whether defendant undertook to advise plaintiff about her condition, after referring her to Bogdasarian, which advice was accepted and relied upon by plaintiff. Accordingly, Supreme Court properly denied defendant's motion for summary judgment (cf., O'Neill v Montefiore Hosp., 11 AD2d 132, 135).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.