■ In the Matter of ALVIN OLESH, Appellant, v RONNI AUER-BACH, Respondent. (And Other Related Proceedings.) [642 NYS2d 65] —In related proceedings, *inter alia,* for child support pursuant to Family Court Act article 4, the father appeals from a judgment of the Family Court, Nassau County (Koenig, J.), dated December 8, 1994, which, after a hearing, awarded child support arrears and counsel fees to the mother. The father's notice of appeal from the order entered December 1, 1994, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is modified by deleting the provision thereof which awarded counsel fees to the mother in the amount of $58,787.99; as so modified, the judgment is affirmed, with costs to the father, and the matter is remitted to the Family Court, Nassau County, for a hearing consistent herewith.

Pursuant to the terms of the parties' stipulation in open court on November 29, 1993, the father agreed, *inter alia,* to pay $100,000 to the mother by March 1, 1994, to settle all past and future child support obligations. The father failed to make this $100,000 payment, and the Family Court, after a hearing, awarded child support arrears to the mother in the amount of $60,000 and awarded her counsel fees in the amount of $58,787.99.

Contrary to the father's contention, we conclude that the terms of the parties' stipulation permitted the mother to seek an award of counsel fees in the child support proceedings at bar since he failed to make the agreed-upon payment of $100,000. In addition, Family Court Act § 438 (a) authorizes an award of counsel fees in proceedings for the support of children.

The award of reasonable counsel fees is a matter within the sound discretion of the trial court *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Matter of Aronesty v Aronesty,* 202 AD2d

240; *Shrauger v Shrauger,* 146 AD2d 955; *Sampson v Glazer,* 109 AD2d 831). The factors to be considered include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and counsel's experience, ability, and reputation (*see, Matter of Jurs v Jurs,* 191 AD2d 564; *Shrauger v Shrauger, supra; Sampson v Glazer, supra*). We conclude that the court improvidently exercised its discretion in determining the amount of the counsel fee award. The court awarded the mother the entire amount requested by her attorneys for their services since 1992 without indicating that it had considered the relevant factors. Moreover, the record indicates that the court awarded counsel fees in connection with matters other than the Family Court proceedings at bar for the enforcement of child support. We therefore remit the matter for a new hearing.

The father's remaining contentions are without merit. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.