■ In the Matter of AUDREY MULLEN, Respondent, v LAWRENCE JUST, Appellant. [733 NYS2d 678] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated September 27, 2000, which, *inter alia*, denied his objections to two orders of the same court (Lynaugh, H.E.), both dated April 21, 2000, which awarded the petitioner child support based on a determination that his gross income for 1998 was $87,116.13, and a counsel fee in the sum of $20,000.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof denying the appellant's objection to the order directing him to pay a counsel fee in the sum of $20,000, and substituting therefor a

provision sustaining the objection to the extent of directing him to pay a counsel fee in the sum of $10,000, and (2) deleting the provision thereof denying his objection to the order awarding the mother child support and substituting therefor a provision sustaining the objection to the extent of granting his application for a $7,250 mortgage payment credit against his investment income on his investment property; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith, including a new determination of child support.

"Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is 'nonetheless to be controlled by the equities of the case and the financial circumstances of the parties'" (*Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 252, quoting *Maimon v Maimon*, 178 AD2d 635). Given the financial circumstances of the parties, as well as all the other circumstances of this case, the Family Court improvidently exercised its discretion in awarding the mother the sum of $20,000 in counsel fees (*see*, Domestic Relations Law § 237 [a]; *Lee v Oi Wa Chan*, 245 AD2d 270).

The Family Court improperly calculated the father's income for purposes of determining his support obligation. Pursuant to Family Court Act § 413 (1) (b) (5) (ii) a parent's income, for the purpose of determining his or her duty to support a child, shall include "investment income reduced by sums expended in connection with such investment." The Family Court failed to credit investment expenses in the amount of $7,250, representing mortgage payments, against the investment income which the father received from his investment property, when it calculated his total income for purposes of child support. Thus, the matter is remitted to the Family Court, Suffolk County, for a recalculation of the father's income and his support obligation.

The father's remaining contentions are without merit. Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.