■ In the Matter of PINA GRALD, Respondent, v JONATHAN A. GRALD, SR., Appellant. [824 NYS2d 100]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Orange County (Bivona, J.), dated October 28, 2005, which directed him to pay the sum of $3,000 for the wife's attorney's fees.

Ordered that the order is affirmed, with costs.

An "attorney is precluded from seeking fees from his or her client where the attorney has failed to comply with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement that sets forth, *inter alia,* the terms of compensation and the nature of services to be rendered" (*Bishop v Bishop,* 295 AD2d 382, 383 [2002], quoting *Mulcahy v Mulcahy,* 285 AD2d 587, 588 [2001]; *see Kayden v Kayden,* 278 AD2d 202 [2000]). Likewise, an attorney's failure to provide written, itemized bills at least every 60 days pursuant to 22 NYCRR 1400.2 will also preclude collection of a fee (*see Wagman v Wagman,* 8

AD3d 263 [2004]; *Julien v Machson*, 245 AD2d 122 [1997]). The failure to abide by these rules, "promulgated to address abuses in the practice of matrimonial law and to protect the public, will result in preclusion from recovering such legal fees" (*Julien v Machson, supra*, at 122; *see Behrins & Behrins v Sammarco*, 305 AD3d 346, 347 [2003]; *Mulcahy v Mulcahy, supra*).

Contrary to the husband's contention, the Family Court properly awarded attorney's fees despite the wife's attorney's failure to comply with 22 NYCRR 1400.2 and 1400.3. Violation proceedings are not set forth in 22 NYCRR 1400.1 as one of the proceedings to which 22 NYCRR part 1400 applies (*see Matter of Eby v Joseph E.S.*, 28 AD3d 1091 [2006]).

Further, the award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see Matter of Dalessandro v O'Brien*, 285 AD2d 592, 593 [2001]; *Matter of Olesh v Auerbach*, 227 AD2d 406 [1996]). Taking into account the various factors to be considered in the making of an award of counsel fees including the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and counsel's experience, ability, and reputation (*see Matter of Israel v Israel*, 273 AD2d 385 [2000]; *Matter of Olesh v Auerbach, supra* at 407), the Family Court providently exercised its discretion in awarding the wife attorney's fees in the sum of $3,000. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.