■ In the Matter of AARON WESTERGAARD, Appellant, v KERIN WESTERGAARD, Respondent. [965 NYS2d 179]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated September 26, 2012, which denied his objection to an order of the same court (Parisi, S.M.) dated July 2, 2012, which granted his motion pursuant to Family Court Act § 438 (a) for an award of an attorney's fee only to the extent of awarding him the sum of $1,000.

Ordered that the order is affirmed, without costs or disbursements.

The Support Magistrate providently exercised her discretion in granting the father's motion pursuant to Family Court Act § 438 (a) for an award of an attorney's fee only to the extent of awarding him the sum of $1,000. "[T]he award of reasonable counsel fees is a matter within the sound discretion of the trial court" (*Matter of Grald v Grald*, 33 AD3d 922, 923 [2006]; *see Matter of Sarfaty v Recine*, 57 AD3d 552 [2008]). The factors to be considered in computing an appropriate award include the

parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances (*see Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039, 1040 [2010]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *Matter of Finell v Finell*, 25 AD3d 703, 704 [2006]; *Giuffrida v Giuffrida*, 81 AD2d 905, 906 [1981]). Under the totality of the circumstances, including the mother's limited income, the award of limited counsel fees to the father was appropriate. Accordingly, the Family Court properly denied the father's objection to the Support Magistrate's order. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.