■ In the Matter of THOMAS B., Respondent, v LYDIA D., Appellant. [991 NYS2d 512]—

Order, Family Court, New York County (Stella Schindler, J.H.O.), entered on or about May 14, 2012, which, upon remand from this Court (89 AD3d 630 [1st Dept 2011], *lv dismissed* 20 NY3d 949 [2012]), clarified its order entered on or about August 30, 2010, concerning the amount of attorneys' fees awarded respondent and the basis for the award, unanimously modified, on the facts, to increase the monetary award in favor of Lydia D. to the sum of $114,830, and, as so modified, affirmed, without costs.

The courts have the inherent power to supervise the legal fees charged for services and regulate the practice of law (*Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]). Furthermore, the determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, in the absence of an abuse of discretion, will be upheld (*see Shrauger v Shrauger*, 146 AD2d 955, 956 [3d Dept 1989], *appeal dismissed* 74 NY2d 844 [1989]).

In clarifying its prior order, the court properly applied the rel-

evant factors and made an independent determination based on its knowledge and experience as to the appropriate hourly rate for the services rendered and the appropriate amount of time for each category of services (*see Jordan v Freeman,* 40 AD2d 656 [1st Dept 1972]).

However, the trial court, improperly disallowed 20 hours of billing for matters relating to the educational trust. The billings for those services were only 3.9 hours. Consequently, Lydia D. is entitled to an additional $4,830 in legal fees based upon the improperly excluded 16.1 hours of legal fees at $300 per hour, the rate set by the trial court.

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.