Matter of Lisa B. v Bruce C. (2018 NY Slip Op 00259)





Matter of Lisa B. v Bruce C.


2018 NY Slip Op 00259


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5459

[*1]In re Lisa B., Petitioner-Appellant,
v
Bruce C., Respondent-Respondent.


Lisa B., appellant pro se.



Order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about August 24, 2016, which denied petitioner mother's objections to an order (same court, Cheryl Weir-Reeves, Support Magistrate), entered on or about June 17, 2016, unanimously affirmed, without costs.
The mother shows no grounds to challenge Family Court's denial of her objections to the order entered on or about June 17, 2016, which was supported by comprehensive findings of fact issued after a lengthy hearing. We cannot assess the merits of the mother's argument that she did not waive a hearing on the issue of whether respondent father willfully violated a so-ordered stipulation regarding child support. The record contains no excerpts from the hearing transcript to rebut the clear finding of waiver. Moreover, as Family Court observed in its findings of fact, the mother was represented by counsel throughout the proceedings below.
The mother, moreover, does not show how any separate hearing would have changed the eventual outcome, given that her arguments concerning willfulness involved issues already addressed and rejected by Family Court.
The mother's argument that the father's refusal to pay child support add-on expenses, standing alone, establishes a willful violation of his support obligation is unavailing. Family Court properly determined that many of those add-on expenses were not covered by the parties' stipulation, or that the mother had failed to consult with the father before incurring them, as required. Expenses beyond the scope of the parties' so-ordered agreements cannot be said to have been "ordered" and therefore cannot support a finding of willfulness, regardless of the father's ability to pay (see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]). Moreover, the mother offers no reason to disturb the finding that she was not credible regarding notice to the father.
The mother's remaining arguments concerning the father's alleged willfulness were already raised in her counsel fee application, and rejected by Family Court, and the mother offers no facts to show the court's denial of that motion was an improvident exercise of its discretion (see Family Ct Act § 438; Matter of Westergaard v Westergaard, 106 AD3d 926 [2d Dept 2013]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK