Matter of Edelson v Warren (2019 NY Slip Op 00201)





Matter of Edelson v Warren


2019 NY Slip Op 00201


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8053 8052

[*1]In re Jeff Edelson, Petitioner-Respondent,
v
Jennifer Warren, Respondent-Appellant.


Elayne Kesselman, New York, for appellant.
Lawrence B. Goodman, New York, for respondent.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about October 31, 2017, which denied respondent's objections to the Support Magistrate's award of attorneys' fees to petitioner, unanimously affirmed, without costs.
Respondent argues that the award of attorneys' fees to petitioner for her willful failure to comply with the prior child support order (see Family Court Act §§ 438[b]; 454[3]) erroneously included fees incurred in the proceeding in which she sought modification of her child support obligation.
Respondent does not dispute petitioner's statement that the Support Magistrate deemed the modification and willfulness issues "interrelated," and the parties acknowledge that, upon the conclusion of the modification proceedings, they agreed that the evidence and testimony would be adopted for purposes of the violation proceedings.
Given the interrelatedness of issues in both proceedings — respondent's stated inability to pay both prompted her modification petition and was a defense to the violation petition — it would not be feasible, and it would be inconsistent with the parties' agreement not to hold a separate hearing on the violation petition, to try to disentangle the fees associated solely with the willfulness finding.
Respondent failed to show that, in awarding counsel fees under Family Court Act §§ 438(b) and 454(3), the Support Magistrate failed to consider her ability to pay such fees (see Matter of Westergaard v Westergaard, 106 AD3d 926 [2d Dept 2013]). The Support Magistrate acknowledged that the ability to pay was a factor to be considered. Moreover, she had an opportunity to assess respondent's overall financial picture as a result of the hearings on the modification petition, after which she concluded that respondent's testimony about her finances was not credible, given respondent's commingling of personal and business expenses, and her failure, in the Support Magistrate's view, to seek employment opportunities diligently after the demise of her business.
Because credibility determinations were the basis of the Support Magistrate's findings as to respondent's income (including how much income to impute to her), which necessarily encompassed questions of respondent's ability to pay support and any fee award, Family Court appropriately accorded considerable deference to the findings (see Matter of Grant v Grant, 265 AD2d 19, 22 [1st Dept 2000], lv denied 95 NY2d 758 [2000]).
We reject respondent's claim that the fee award was unreasonable. While respondent blames petitioner and his counsel for the protracted proceedings, the Support Magistrate found that the proceedings were protracted because of respondent's efforts to reduce her child support obligation. Respondent objects to petitioner's counsel's interrogating her over her expenditures, but the examination revealed, at least in the opinion of the Support Magistrate, that respondent was commingling her business and personal expenses and making expenditures while failing to comply with her support obligation. Moreover, petitioner reasonably argues that this case is not [*2]as simple as respondent portrays it, pointing out that respondent was not a salaried employee, and, given the way she accounted for her expenses, more attorney time was necessary to obtain an accurate picture of her finances.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK