Matter of Balber v Zealand (2019 NY Slip Op 01144)





Matter of Balber v Zealand


2019 NY Slip Op 01144


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


350007/17 8398 8399N 

[*1] In re Scott Balber, Petitioner-Appellant,
v
Elise Zealand, Respondent-Respondent.


Kaminer Kouzi & Associates LLP, New York (Jennifer Kouzi of counsel), for appellant.
Advocate, LLP, New York (Jason A. Advocate of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered June 29, 2017, which awarded respondent mother $35,000 in interim counsel fees; and order, same court and Justice, entered April 12, 2018, which, to the extent appealed from as limited by the briefs, awarded her additional interim counsel fees of $85,000, unanimously affirmed, without costs.
Supreme Court appropriately relied on Domestic Relations Law § 237(b) in awarding the mother fees on her initial application, and could have relied on it again in its second award. The statute's plain language disproves appellant father's arguments about the statute's inapplicability to custody disputes between unmarried parents, as it contemplates a fee award to a "spouse" or "parent" in custody proceedings either arising under Domestic Relations Law § 240 or otherwise. Brentrup v Culkin (167 Misc 2d 211 [Sup Ct, NY County 1996]), which held that § 240 does not apply to children of unmarried parents, only highlights the wider breadth of § 237, which covers not only § 240 proceedings, but other custody proceedings as well.
Pierot v Pierot (49 AD2d 838 [1st Dept 1975]), cited by Brentrup, did not concern custody. Unlike here, it concerned parties who were once married. Moreover, as it predated the Equitable Distribution Law, it is superceded.
This and other courts have accordingly awarded counsel fees to an unmarried parent in a custody dispute on Domestic Relations Law § 237(b) grounds (see e.g. Matter of Brookelyn M. v Christopher M., 161 AD3d 662 [1st Dept 2018]; Matter of Renee P.-F. v Frank G., 161 AD3d 1163 [2d Dept 2018], lv denied 2018 NY Slip Op 90461 [2018]; Evgeny F. v Inessa B., 127 AD3d 617 [1st Dept 2015]; Matter of Ralph D. v Courtney R., 123 AD3d 635 [1st Dept 2014]; Allen v Farrow, 197 AD2d 327 [1st Dept 1994], lv denied 86 NY2d 709 [1995]). Family Court Act article 4, as the father contends, is limited to support proceedings; however, the mother did not base her pendente lite application on Family Court Act § 438. In any case, the issue is academic since the $85,000 fee award was authorized under Domestic Relations Law § 237(b).
The $120,000 total award, far less than the $225,000 total fees requested, was well within the court's discretion (see Matter of Thomas B. v Lydia D., 120 AD3d 446 [1st Dept 2014]). The father conceded he was the more affluent party, and the court providently exercised its discretion so as "to further the objectives of litigational parity" (O'Shea v O'Shea, 93 NY2d 187, 193 [1999]). It expressly took into consideration the very issues raised by the father on appeal, including that the mother had made most of the motions in the case, that she did not include, in her scheduled assets, the diamond engagement ring he had given her, that she had tried to involve the Administration for Children's Services based on unfounded allegations, and that she had further proliferated the litigation by commencing an action in Connecticut and serving subpoenas unlikely to result in relevant discovery. The court properly took these factors into consideration in awarding her only 53% of the fees she sought.
The father faults the mother for not saving more money to pay her own fees, but even if she "had the funds to pay her attorneys, that is not in itself a bar to an award of counsel fees" [*2](Anna-Sophia L. v Paul H., 52 AD3d 313, 315 [1st Dept 2008]). He reasonably complains about her failure to timely disclose her job offer to the court, but her lack of candor had no apparent impact. The court expressed skepticism that she had been seeking employment as diligently as she claimed, and thus at least impliedly rendered its decision with her earning potential in mind (Saunders v Guberman, 130 AD3d 510 [1st Dept 2015]).
An evidentiary hearing was not required before making these interim awards (Brookelyn M., 161 AD3d at 663).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK