Matter of Christy v Christy (2020 NY Slip Op 02468)





Matter of Christy v Christy


2020 NY Slip Op 02468


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02891
 (Docket No. O-7692-18)

[*1]In the Matter of Heather Christy, appellant,
v
Frank Christy, respondent.


Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for appellant.
Anthony DeCarolis, PLLC, Oyster Bay, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated March 13, 2019. The order denied the petitioner's motion pursuant to Family Court Act § 842(f) for an award of counsel fees.
ORDERED that the order is affirmed, with costs.
In this family offense proceeding pursuant to Family Court Act article 8, the Family Court, after a hearing, issued an order of protection against Frank Christy and in favor of the petitioner. Thereafter, the petitioner moved pursuant to Family Court Act § 842(f) for an award of counsel fees. The court, noting, among other things, that "[t]he matter was repeatedly adjourned by . . . counsel [for both parties] for a myriad of reasons" and that each party "contributed to the escalating legal costs," denied the motion. The petitioner appeals.
Pursuant to Family Court Act § 842(f), the court may direct a party "to pay the reasonable counsel fees and disbursements involved in obtaining [an order of protection] of the person who is protected by such order." The award of counsel fees is committed to the discretion of the Family Court (see Matter of Grald v Grald, 33 AD3d 922, 923; see also Matter of Barcia v Barcia, 90 AD3d 921). In determining whether to award counsel fees, the court may consider "the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and counsel's experience, ability, and reputation" (Matter of Grald v Grald, 33 AD3d at 923), as well as "the parties' positions and actions during the litigation" (Matter of Herschbein v Herschbein, 308 AD2d 585, 585). Here, upon considering all of the circumstances of this case, including the conduct of the parties, we agree with the Family Court's determination denying the petitioner's motion pursuant to Family Court Act § 842(f) for an award of counsel fees (see Matter of Barcia v Barcia, 90 AD3d at 921).
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court