Matter of Lucana v Lawton (2024 NY Slip Op 06199)

Matter of Lucana v Lawton

2024 NY Slip Op 06199

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2024-01080
 (Docket Nos. F-10338-10/23B, F-10338-10/23C)

[*1]In the Matter of Daniella Lucana, respondent,
v
Andrew Lawton, appellant.

Montefusco Law Group, Hauppauge, NY (Robert H. Montefusco of counsel), for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated January 12, 2024. The order, insofar as appealed from, granted the father's objections to an order of the same court (John E. Raimondi, S.M.) dated November 13, 2023, as supplemented by supplemental findings of fact dated January 11, 2024, only to the extent of reducing an award of attorneys' fees to the mother from the sum of $12,870 to the sum of $9,775.
ORDERED that the order dated January 12, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the unmarried parents of a child, born in 2009. In February 2023, the mother filed a petition alleging a violation of a prior order of support and a separate petition to modify the prior order of support. In relation to the proceedings on the mother's petitions, the mother moved pursuant to Family Court Act § 438(a) for an award of attorneys' fees.
The Support Magistrate granted the mother's motion pursuant to Family Court Act § 438(a) for an award of attorneys' fees and awarded her the sum of $12,870. Upon the father's objections, the Family Court modified the Support Magistrate's order, but only to the extent of reducing the award of attorneys' fees to the mother from the sum of $12,870 to the sum of $9,775. The father appeals, arguing that the mother's motion for an award of attorneys' fees should have been denied in its entirety.
The Family Court may allow the payment of attorneys' fees to the attorney representing the petitioner at any stage of a proceeding to modify or enforce an order (see id.; Matter of Heintzman v Heintzman, 157 AD3d 682, 692). Absent a finding that nonpayment was willful, an award of attorneys' fees is a matter left to the sound discretion of the court (see Matter of Westergaard v Westergaard, 106 AD3d 926). The court must base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances (see Matter of Heintzman v Heintzman, 157 AD3d at 692). "Ultimately, the award should be based upon the totality of the circumstances, including the equities and circumstances of each particular case" (Matter of Sanchez v Reyes, 174 AD3d 907, 908).
Here, the Support Magistrate providently exercised his discretion in granting the mother's motion pursuant to Family Court Act § 438(a) for an award of attorneys' fees. Contrary to the father's contentions, under the totality of the circumstances, there is a sound and substantial basis in the record for the award of attorneys' fees to the mother in the amount modified by the Family Court, based upon, inter alia, the father's delay of the proceedings by failing to comply with the prior order of support, which caused the mother to incur unnecessary legal costs (see Matter of Heintzman v Heintzman, 157 AD3d at 692). Moreover, the amount of attorneys' fees ultimately awarded was appropriate in light of the parties' financial situations and the extent of the services rendered (see Matter of Glass v Glass, 223 AD3d 801, 802-803).
Accordingly, the Family Court properly granted the father's objections to the Support Magistrate's order only to the extent of reducing the award of attorneys' fees to the mother from the sum of $12,870 to the sum of $9,775.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court