Matter of D. M. v B. L. J. (2025 NY Slip Op 03648)

Matter of D. M. v B. L. J.

2025 NY Slip Op 03648

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Docket No. O-03089/20, O-03089/20A, O-03089/21B, O-03089/21C|Appeal No. 4589|Case No. 2024-06655|

[*1]In the Matter of D. M., Petitioner-Respondent,
v
B. L. J., Respondent-Appellant.

Toscano Law, PLLC, New York (Andriana Toscano of counsel), for appellant.
Fersch LLC, New York (Meryl A. Hoeft of counsel), for respondent.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about October 1, 2024, which determined that Family Court had jurisdiction over petitioner-mother's application for counsel fees and referred the matter for a full evidentiary hearing regarding the reasonableness of the mother's counsel fee request, unanimously affirmed, without costs.
As a preliminary matter, Family Court properly addressed the mother's application for counsel fees, despite the termination of the order of protection. Family Court is afforded "such ancillary jurisdiction as is necessary to fulfill the court's core function," one of which is to address counsel fees connected to orders of protection (Matter of H.M. v E.T., 14 NY3d 521, 527 [2010]; see also Matter of Lisa T. v King E.T., 30 NY3d 548 [2017]; Family Court Act § 842[f]). As respondent-father's appeal from the order of protection was not moot, Family Court properly retained jurisdiction for ancillary matters (see Matter of Damineh M. v Bedouin L.J., 225 AD3d 522 [1st Dept 2024], lv denied 42 NY3d 903 [2024]). It is likewise well established that appellate counsel fee applications are properly brought before the trial court (see Kohn v Kohn, 86 AD3d 630, 630 [2d Dept 2011]; Taft v Taft, 135 AD2d 809, 810 [2d Dept 1987]; Matter of Urbach v Krouner, 213 AD2d 833, 836 [3d Dept 1995]).
Under the circumstances of this case, it was not an abuse of discretion for Family Court to set the issue of the reasonableness of the mother's appellate counsel fees down for a full evidentiary hearing (see Matter of Grald v Grald, 33 AD3d 922, 923 [2d Dept 2006]). Given the possible ramifications to the mother if the fact-finding and order of protection were vacated on appeal, Family Court's decision to consider her appellate counsel fees as encompassed by Family Court Act § 842(f) was not in error.
We have considered the father's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025