D.M. v B.J. (2025 NY Slip Op 51071(U))

[*1]

D.M. v B.J.

2025 NY Slip Op 51071(U)

Decided on July 1, 2025

Family Court, New York County

Shim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2025
Family Court, New York County

D.M., Petitioner

against
B.J., Respondent.

Docket No. XXXXX

D.M., attorney of record Patricia Fersch of Fersch LLC 
B.J., pro se litigant

Jonathan H. Shim, J.

I. Instant Motion:
By Order to Show Cause dated February 18, 2024, D. M. (hereinafter "Ms. M." or "Petitioner"), by counsel moves for an order: (1) awarding Petitioner counsel fees in the amount of $40,000.00 to be paid to Petitioner's attorneys, Fersch LLC in connection with her defense of the appeal of the Family Court's Decision After Trial dated April 19, 2023, filed by B. J. (hereinafter Mr. J. or Respondent) in the Appellate Division, First Department; (2) reimbursing Petitioner for the legal fees already paid for representation in the Appellate Division, First Department, in the amount of $21,406.45; (3) directing Respondent to pay $3,000.00 for legal fees incurred by Petitioner in connection with the instant application, with leave to request additional fees; and (4) granting such other and further relief as the Court may deem just and proper. Respondent filed an affirmation dated March 13, 2024, and his attorney's affirmation dated March 12, 2024, in opposition to Petitioner's Order to Show Cause. Petitioner, by counsel, submitted reply papers dated September 3, 2024, in further support of her application.
In her moving papers, Ms. M. alleges that Respondent is the monied party in that he earns more than $500,000.00 annually, and since 2020 she has "incurred over $200,000 in legal fees defending [herself] against Respondent's vindictive and vexatious litigation." Petitioner avers that Respondent has been harassing her through filings in court "in an effort to interfere with [her] life and put [her] into debt."
In his opposition papers, Mr. J. argues: (1) Family Court lacks subject matter jurisdiction [*2]to make a post-dispositional fee award under Family Court Act § 828; (2) Referee Adams no longer had subject matter jurisdiction to sign Petitioner's Order to Show Cause as the order of reference appointing the Referee to hear and determine the matter was terminated by the entry of the order of disposition; (3) Family Court lacks subject matter jurisdiction to make a post-disposition, post-appeal counsel fee award for legal services rendered on an appeal from a final order of disposition in a Family Offense proceeding; (4) Petitioner waived any right she may have had to seek counsel fees in the underlying Family Offense proceeding by not making an application for such fees prior to the entry of a final order of disposition; (5) Petitioner's application is fatally deficient because billing statements submitted in support of the Order to Show Cause lack specificity and do not indicate the starting time and conclusion time for the services rendered; (6) Family Court does not have the authority under Family Court Act § 842(f) to award counsel fees for legal services rendered in a post-disposition application for counsel fees; and (7) a hearing to determine the reasonable value of services provided is required.[FN1]

Upon review of the foregoing papers and the record and proceedings before the Court, it is ordered that the Ms. M.'s Order to Show Cause is hereby granted in its entirety.
II. Background and Relevant Facts:
Petitioner filed a Family Offense Petition dated March 27, 2020 alleging harassment and assault by Respondent. Petitioner was granted a temporary full stay away order of protection. On June 24, 2020, Petitioner filed a Family Offense Petition on behalf of the parties' minor children alleging inter alia that Respondent has "terrorized" the children.[FN2]
A temporary usual terms order of protection was issued on behalf of the parties' minor children. On February 4, 2021, Petitioner filed a Violation Petition alleging that Respondent continued to harass her by "filing another lawsuit against [her] in Houston, TX for same relief which was denied by Houston Court on Sep. 23, 2020."
Trial commenced on these petitions on September 27, 2021 and concluded on October 19, 2022. During the pendency of the trial, Petitioner filed another Violation Petition dated October 8, 2021 alleging further violation of the temporary order of protection by Respondent in that Respondent "orchestrated a pick up scenario for his weekend visitation with the children in a way that intentionally shocked, harassed and intimidated Petitioner's very young children."
By Decision and Order dated April 19, 2023, Court Attorney Referee Gail Adams adjudged that Respondent had committed the Family Offense of Harassment in the Second Degree, warranting the issuance of a final order of protection. Referee Adams further found that [*3]since the "time for a Final Order was utilized during the time period of the pending Temporary Order of Protection, the Final Order for three years is now deemed effective and satisfied beginning from March 27, 2020."
Respondent appealed the Decision and Order dated April 19, 2023, and the decision was unanimously affirmed by the Appellate Division, First Department by Decision and Order dated March 21, 2024.
Petitioner filed the instant Order to Show Cause, originally signed by Referee Adams, but upon declination of consent to hear and determine the Order to Show Cause by a Referee [FN3]
the matter was transferred to the undersigned jurist.
This Court received Respondent's Financial Disclosure Affidavit (hereinafter "R-FDA"), dated August 16, 2024, which indicates his bi-weekly net income totals $6,839.00 (or an annual net income of $177,814.00). Mr. J. indicates that this number is derived from his monthly net income "further reduced by child support paid to Petitioner." Respondent included a paystub for payroll period February 1, 2024 to February 29, 2024 which indicates his monthly net income totals $16,956.26 (or an annual net income of $203,475.12). Respondent reported the asset of his 401K, but he failed to indicate a monetary value. Mr. J. further listed $29,031 in monthly expenses, and liabilities in the amount of $47,840 owed to the Internal Revenue Service and $224,836 in legal fees incurred from 2020 to the date of the R-FDA. Mr. J. further included his 2023 tax returns, which were filed jointly with his current spouse, indicating a total taxable income of $642,174.00, comprised of $542,602.00 from W-2 and $133,713.00 in taxable interest, less the deduction amount of $27,700.00.
This Court also received Petitioner's FDA (hereafter P-FDA), dated October 30, 2024, which indicates her bi-weekly net income totals $5,032.85 (for an annual income of $130,884.10). Petitioner included a paystub for payroll periods September 28, 2024 to October 11, 2024 and October 12, 2024 to October 25, 2024 which reflect her bi-weekly net income as $5,593.76 (for an annual income of $145,437.76). Petitioner reported the assets of her 401K with a monetary value of $117,261.51. Ms. M. further listed $13,564.73 in monthly expenses, and liabilities in the amount of $150,000.00 owed to family and friends due to legal expenses from 2020 to the date of her P-FDA; $5,138.76 in owed due to loans from Petitioner's 401K, $63,870.70 owed in student loans, $16,768.74 owed on three credit cards, $13,906 owed to Petitioner's former trial attorney Amy S. and $53,442.93 owed to appellate/current attorney of record. Ms. M. further included her 2023 tax returns indicating a total taxable income of $180,917.00, comprised of $201,668.00 from W-2, $49.00 in taxable interest, less a deduction amount of $20,800.00.
A hearing on Petitioner's Order to Show Cause commenced on March 18, 2025, and continued on April 1, 2025. At the hearing, the three attorneys who performed work on the appellate brief testified as to the work they performed and to their qualifications and the reasonableness of the hourly rate for their performed work. This Court took Judicial Notice of the Appellate Division, First Department Order dated March 21, 2024. Petitioner entered twenty-one (21) exhibits into evidence, comprised of inter alia, the retainer agreement, legal invoices (Exhibits 6 and 21), timesheets for attorneys (Exhibits 8, 9, and 10), transcripts from the [*4]underlying trial and appellate papers submitted regarding Respondent's appeal.
Exhibit 6 informs that the ten (10) legal invoices from January 4, 2024 to March 17, 2025 total $76,057.73. Exhibit 6 further shows that of the $76,057.73, Ms. M. paid Fersch LLC $23,906.45. Exhibit 21, a legal invoice dated April 1, 2025, reflects that an additional $13,451.11 [FN4]
 in legal expenses were incurred by Petitioner. Exhibit 21 does not indicate any further payments made by Petitioner to her counsel, and the total balance owed by Petitioner is listed as $65,602.08. Based upon the foregoing exhibits, Petitioner incurred a total of $89,508.84 in legal fees and expenses related to the defense of Respondent's appeal and the instant application for attorney's fees. 
Respondent did not present any evidence in response.
III. Decision:
The Court of Appeals has held that "statutory jurisdiction—as Family Court has—carries with it such ancillary jurisdiction as is necessary to fulfill the court's core function." Matter of H.M. v. E.T., 14 NY3d 521, 527 (2010) (emphasis added), citing Higgins v. Sharp, 164 NY 4, 8 (1900); see also Matter of Lisa T. v. King E.T., 30 NY3d 548 (2017). In this vein, appellate courts have routinely held that an application for appellate fees should be made at the trial level. See Gutman v. Gutman, 24 A.D. 758 (2d Dep't 1965); Taft v. Taft, 135 AD2d 809 (2d Dep't 1987); Urbach v. Krouner, 213 AD2d 883 (3d Dep't 1995); Aborn v. Aborn, 196 AD2d 561(2d Dep't 1993). Thus, it is within the authority of the trial court, and within the Family Court's ancillary jurisdiction, to hear an application for post-dispositional award for attorney's fees for an appeal related to an underlying family offense proceeding.
Pursuant to Family Court Act § 842 (f), the court may direct a party to "pay the reasonable counsel fees and disbursements involved in obtaining the [order of protection] of the person who is protected by such order." The award of counsel feels is committed to the discretion of the Family Court. Christy v. Christy, 182 AD3d 596, 120 N.Y.S.3d 805 (2d Dept. 2020); Matter of Grald v. Grald, 33 AD3d 922, 824 N.Y.S.2d 100 (2d Dept. 2006); M.M. v. A.A., 74 Misc 3d 202, 160 N.Y.S.3d 759 (Fam. Ct. Kings Cty. 2021) (Family Court enjoys considerable discretion when determining whether to award counsel fees and determining their reasonable value).
When deciding an award of counsel fees, the factors which the court may consider include, "the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances. Westergaard v. Westergaard, 106 AD3d 926, 965 N.Y.S.2d 179 (2d Dept 2013). A significant disparity in the financial circumstances of the parties often will justify an award of counsel fees to the less-moneyed party, the decision whether to award such fees lies within the sound discretion of the trial court and should be controlled by the equities of the case; financial circumstances of both parties; and the reasonableness of the attorneys' performance under the circumstances of the case. See Mullen v. Just, 288 AD2d 476, 733 N.Y.S.2d 678 (2d Dep't 2001); Pacheco v. Pacheco, 163 AD3d 576, [*5]577, 80 N.Y.S.3d 455 (2d Dept 2018); Pontorno v. Pontorno, 172 AD2d 734 (2d Dep't 1991). The trial court is in the best position "to judge those factors integral to the fixing of counsel fees, such as the time, effort and skill required", Levine v. Levine, 179 AD2d 625, 579 N.Y.S.2d 103 (2d Dep't 1992), and has the inherent power to set value on services of counsel. Thomas B. v. Lydia D., 120 AD3d 446, 991 N.Y.S.2d 512 (1st Dep't 2013).
Here, this Court finds that the equities of this case require Petitioner to be granted the award of attorney's fees. The parties' 2023 tax returns evince that Petitioner's total taxable income is 28% of Respondent's total taxable income, and as such Mr. J. is the monied party. This Court heard testimony from all three attorneys who rendered services to Petitioner, and finds the rates charged were reasonable and the work performed was reasonable considering the complexity and trajectory of the appellate matter and litigation surrounding the instant application for fees. Accordingly, this Court finds that Respondent is responsible for payment of Petitioner's attorney's fees in the sum of $89,508.84.
Accordingly, Respondent is hereby ordered to remit payment in the sum of $23,906.45 to Petitioner as recoupment for legal fees already paid by Petitioner to her counsel, and remit payment of the balance of $65,602.08 to Petitioner's counsel Fersch LLC within ninety (90) days of the date of this order.
This constitutes the decision and order of the Court.
Dated: July 1, 2025
ENTER:
Hon. Jonathan H. Shim, JFC

Footnotes

Footnote 1:By Decision and Order dated October 1, 2024, the undersigned found that this Court does have subject matter jurisdiction to hear the instant application and granted Petitioner's Order Show Cause to the extent that the matter was referred for an evidentiary hearing regarding the reasonableness of attorney's fees sought by Petitioner. Respondent appealed the Decision and Order dated October 1, 2024, and by Decision and Order dated June 17, 2025 the Appellate Division, First Department unanimously affirmed this Court's decision.

Footnote 2:The Family Offense Petition filed on behalf of the parties' minor children was incorrectly docketed as a violation petition and as such did not receive separate docket numbers, but were docketed as the 20A supplement to Petitioner's petition.

Footnote 3:Referee Adams was transferred to Supreme Court and the matter was referred to a different Court Attorney Referee. 

Footnote 4:The Court reduced the amount of the invoice by $4,840.00 as Invoice # XXXX, dated March 17, 2025, already accounted for the legal work performed on March 14, 2025.