Matter of D.M. v B.L.J. (2025 NY Slip Op 06026)

Matter of D.M. v B.L.J.

2025 NY Slip Op 06026

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. O-03089/20- O-03089/20A-21C|Appeal No. 5097M-5173|Case No. 2025-04319|

[*1]In the Matter of D. M., Petitioner-Respondent,
v
B. L. J., Respondent-Appellant. 

Bedouin L. J., appellant pro se.
Fersch LLC, New York (Meryl A. Hoeft of counsel), for respondent.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about July 1, 2025, which granted petitioner's motion for an award of counsel fees, and ordered that respondent remit payment of $23,906.45 to petitioner as recoupment for legal fees already paid by petitioner and remit payment of $65,602.98 to petitioner's counsel, unanimously affirmed, without costs.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (Board of Mgrs. of the 25 Charles St. Condominium v Seligson, 106 AD3d 130, 135 [1st Dept 2013]). Here, on the father's previous appeal, this Court considered whether, under the parties' circumstances, Family Court had authority pursuant to Family Court Act § 842 (f) to award appellate counsel fees to petitioner and determined, among other things, that "Family Court's decision to consider [petitioner's] appellate counsel fees as encompassed by Family Court Act § 842(f) was not in error" (see Matter of D.M. v B.L.J., 239 AD3d 516, 516 [1st Dept 2025]). This determination is binding here (see Board of Mgrs. of the 25 Charles St. Condominium, 106 AD3d at 135), and respondent "sets forth no convincing reason why this Court should depart from stare decisis" (Natixis Real Estate Capital Trust 2007-HE2 v Natixis Real Estate Holdings, LLC, 149 AD3d 127, 135 [1st Dept 2017]). Furthermore, the award of counsel fees was a provident exercise of the court's discretion (see Matter of Christy v Christy, 182 AD3d 596, 596 [2d Dept 2020]). M-5173 — D. M. v B. L. J. Motion pursuant to CPLR 5519(c) for a discretionary stay of the appealed order, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025